## 49171. HANFT v. ALLBRIGHT et al.

BELL, Chief Judge.

The single issue here is the applicability of the Georgia Nonresident Motorists' Act, Code Ann. § 68-801, to a nonresident whose automobile operated by a third party was involved in a collision causing property damage and personal injury. The Nonresident Motorists' Act authorizes substituted service upon a nonresident growing out of an accident or collision in which any "such nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle anywhere within the territorial limits of the State of Georgia . . ." Code Ann. § 68-801. The Nonresident Motorists' Act must be strictly construed as it is in derogation of the common law. *Mull v. Taylor,* 68 Ga. App. 663, 670 (23 SE2d 595). Here, the appellant attacked the applicability of the service upon her by a motion to dismiss the complaint for insufficiency of service and lack of jurisdiction over the person and supported it by affidavit. It is beyond dispute that the appellant was not operating the car or riding in the car when the collision occurred in Georgia; that she was in Florida at the time her vehicle was involved and had no knowledge that her car was in Georgia and had not granted the driver permission to drive her car to Georgia. In opposition, plaintiffs submitted the affidavit of the driver, the other defendant Lancaster, who averred that he had blanket permission from the appellant to operate the car anytime and anywhere he wished. Nonetheless it is undisputed that Lancaster was not on any mission for appellant in Georgia and that he had brought it to this state without her knowledge. Therefore, it cannot be said that the vehicle was being operated for appellant, under her control or direction, express or implied. Thus the Nonresident Motorists' Act has no applicability to her and the service of process under its provisions is invalid.

The judgment is reversed with direction that the complaint be dismissed as to appellant.

*Judgment reversed with direction. Quillian and Clark, JJ., concur.*

ARGUED APRIL 1, 1974 — DECIDED JULY 3, 1974.

*Greer, Pollock & Klosik, Kenneth C. Pollock,* for appellant.

*John F. Lester,* for appellees.