333 So.2d 112 (1976)
Mary ALLBRIGHT, Appellant,
v.
Sharon A. HANFT et al., Appellees.
No. 75-1537.
District Court of Appeal of Florida, Second District.
June 11, 1976.
*113 Thomas F. Granahan, P.A., Tampa, for appellant.
H. Shelton Philips, Kaleel & Kaleel, P.A., St. Petersburg, for appellees.
GRIMES, Judge.
This is an appeal from an order granting a motion to dismiss.
According to the complaint, Mary Allbright was injured when an automobile owned by Sharon Hanft and driven with her permission by Larry Lancaster negligently ran into Ms. Allbright's home in Gwinnett County, Georgia. Allbright sought damages from Lancaster and Hanft and from Hanft's insurance carrier, State Farm Mutual Automobile Insurance Company. Hanft and State Farm filed a motion to dismiss predicated upon a decision rendered by the Georgia Court of Appeals in a prior suit brought by Allbright against Lancaster and Hanft arising out of the same accident. Hanft v. Allbright, 1974, 132 Ga. App. 263, 208 S.E.2d 20. The court concluded that it was bound by the findings of fact expressed by the Georgia Court of Appeals under principles of res judicata and dismissed the complaint as to Hanft and State Farm.[1]
The Georgia opinion quoted in its entirety reads as follows:
"The single issue here is the applicability of the Georgia Nonresident Motorists' Act, Code Ann. § 68-801, to a nonresident whose automobile operated by a third party was involved in a collision causing property damage and personal injury. The Nonresident Motorists' Act authorizes substituted service upon a nonresident growing out of an accident or collision in which any `such nonresident minor may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle anywhere within the territorial limits of the State of Georgia ...' Code Ann. § 68-801. The Nonresident Motorists' Act must be strictly construed as it is in derogation of the common law. Mull v. Taylor, 68 Ga. App. 663, 670, 23 S.E.2d 595. Here, the appellant attacked the applicability of the service upon her by a motion to dismiss the complaint for insufficiency of service and lack of jurisdiction over the person and supported it by affidavit. It is beyond dispute that the appellant was not operating the car or riding in the car when the collision occurred in Georgia; that she was in Florida at the time her vehicle was involved and had no knowledge that her car was in Georgia and had not granted the driver permission to drive her car to Georgia. In opposition, plaintiffs submitted the affidavit of the driver, the other defendant Lancaster, who averred that he had blanket permission from the appellant to operate the car anytime and anywhere he wished. Nonetheless it is undisputed that Lancaster was not on any mission for appellant *114 in Georgia and that he had brought it to this state without her knowledge. Therefore, it cannot be said that the vehicle was being operated for appellant, under her control or direction, express or implied. Thus the Nonresident Motorists' Act has no applicability to her and the service of process under its provisions is invalid. The judgment is reversed with direction that the complaint be dismissed as to appellant.
Judgment reversed with direction."
Sometime after the issuance of that opinion, the Georgia trial court entered a default judgment against Lancaster for $22,500.
Allbright contends that the Georgia judgment cannot be given res judicata effect because that very court determined that it had no jurisdiction over Hanft. In support of this position, Allbright argues that a judgment entered by a court without jurisdiction cannot be res judicata. However, all of the cases cited for this proposition are those in which the court entering the judgment either had no jurisdiction over the subject matter or clearly never acquired jurisdiction over the defendant. E.g., Florida Nat. Bank v. Kassewitz, 1946, 156 Fla. 761, 25 So.2d 271. Where a party specially appears and unsuccessfully contests the court's jurisdiction over him, he is bound by any judgment ultimately entered against him. Baldwin v. Iowa State Traveling Men's Association, 1931, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244.
While the Georgia court ultimately concluded that it had no jurisdiction over Hanft, that court did have jurisdiction to decide whether it had jurisdiction over Hanft. On the other hand, it is well settled that a judgment rendered on any grounds which do not involve the merits of the action may not be used as the basis for the operation of the doctrine of res judicata. Kent v. Sutker, Fla. 1949, 40 So.2d 145; Lake v. Hancock, 1896, 38 Fla. 53, 20 So. 811. The Georgia court only decided that it had no jurisdiction over Hanft. Therefore, this judgment cannot be res judicata with respect to the question of whether Allbright has a cause of action for damages against Hanft.
A more difficult question is whether Allbright is bound by the factual determinations made in the Georgia case under the doctrine of collateral estoppel. We think not, because this doctrine is only applicable to preclude a relitigation of issues which were actually litigated and determined. Even though some of the facts relied upon by the Georgia court in reaching its decision on jurisdiction are also pertinent with respect to the issue of Hanft's liability under the Dangerous Instrumentality Doctrine, the issue actually tried in Georgia is not the same as the one to be tried here. Therefore, Allbright should not be bound by the facts set forth in the Georgia opinion.
REVERSED.
BOARDMAN, Acting C.J., and SCHEB, J., concur.
NOTES
[1] Apparently recognizing that she must ultimately face the defense of res judicata, Allbright has not questioned the propriety of the court having granted the motion to dismiss even though the existence of the Georgia decision did not appear on the face of the complaint. See RCP 1.110(d).