## 34951. COBB COUNTY BOARD OF TAX ASSESSORS et al. v. SIBLEY et al.
## 35031. SIBLEY et al. v. PHELPS et al.

<span style="font-variant: small-caps">Undercofler</span>, Presiding Justice.

These cases present a challenge to Cobb County's 1977 and 1978 assessments of crop land, pasture land and timber land generally categorized as vacant land not commercial, industrial or residential subdivision. Case No. 34951 is a statutory proceeding under Code Ann. § 92-6912. Case No. 35031 is an equitable action raising the same issues. In the statutory proceeding the trial judge found the assessors, in determining the fair market value of "vacant" land, did not consider the "existing use of property" as required by Ga. L. 1975, p. 96 (Code Ann. § 92-5702).[1] He held the 1977 and 1978 tax digests with respect to "vacant" land were illegal and ordered a reassessment of such land. He dismissed the equity action. We affirm.

It is well established that the taxation of real property shall be uniform and at fair market value. Code Ann. § 2-4603; Code Ann. § 92-5701; *Benson-Corwin, Inc. v. Cobb County School District,* 239 Ga. 199 (236 SE2d 361) (1977). The Georgia General Assembly has directed

---

[1]See Ga. L. 1978, p. 1950, amending Code Ann. § 92-5702, effective January 1, 1979.

that in determining the fair market value of real property the "existing use of property" shall be considered. Ga. L. 1975, p. 96 (Code Ann. § 92-5702). The parties here acknowledge this is the law. Essentially the dispute between them in this appeal is whether the trial court's judgment is supported by the evidence.

The existing use of property is not the exclusive factor in determining fair market value. As provided by Code Ann. § 92-5702, the assessors are directed to consider also "existing zoning of property," "existing covenants or restrictions in deed dedicating the property to a particular use," or "any other factors deemed pertinent in arriving at fair market value." See *Chilivis v. Backus*, 236 Ga. 88 (222 SE2d 371) (1976). Nor can the "existing use of property" be assigned any particular value. Real property is unique and the extent to which existing use affects its value is dependent upon a great variety of other factors. Here the trial judge found the assessors assigned vacant land a base value according to the district in which it was located; that the value was determined by the sale price of other vacant lands purchased for development; that the assessors relied upon the property's highest and best use; that the sales relied upon did not accurately reflect the value of other vacant land because such sales were often for special purposes such as schools or parks, or speculative development. Without belaboring the issue, the evidence is sufficient to support the trial court's ultimate judgment that the assessors failed to consider the existing use of vacant land not commercial, industrial or residential subdivision.

Case No. 35031, the equitable action, was properly dismissed. The statutory proceedings afford full relief. *Tax Assessors of Gordon County v. Chitwood*, 235 Ga. 147 (218 SE2d 759) (1975).

*Judgments affirmed. All the Justices concur.*

ARGUED JUNE 12, 1979 — DECIDED SEPTEMBER 5, 1979 — REHEARING DENIED OCTOBER 2, 1979 IN CASE NO. 34951.

*Flournoy, Evans & Mize, Charles A. Evans,* for appellants.

*Sibley & Sibley, John A. Sibley, III,* for Sibley et al.
*Charles A. Evans,* for appellees (Case No. 35031).