37777. COBB COUNTY BOARD OF TAX ASSESSORS et al. v. SIBLEY et al.

JORDAN, Chief Justice.

These are proceedings to enforce this court's judgment in *Cobb County Bd. of Tax Assessors v. Sibley,* 244 Ga. 404 (260 SE2d 313) (1979), in which we affirmed the trial court's order requiring the tax assessors to take "existing use" into consideration in appraising "rural lands."

The taxpayers instituted these enforcement proceedings in which they asserted that the tax assessors failed to comply with the final judgment and decree of the trial court entered after receipt of this court's remittitur. The tax assessors appeal from entry of judgment for the taxpayers following a bench trial of the issues.

1. The motion to recuse or disqualify the trial court judge from presiding over the enforcement proceedings came too late. Code Ann. § 24-102. *Haire v. Cook,* 237 Ga. 639, 642 (229 SE2d 436) (1976); *Ga. Power Co. v. Watts,* 184 Ga. 135 (8)(9), 143 (4) (109 SE 654) (1937); *Jackson v. State,* 146 Ga. App. 736 (247 SE2d 512) (1978). The trial court judge made known to the parties his ownership of "rural land" in Cobb County at the beginning of the February 1, 1979, hearing that led to the order affirmed by this court. *Sibley,* supra. Not until November 24, 1980, the date of the hearing on the enforcement proceedings, did the tax assessors file their motion for disqualification or recusal of the trial court judge. We hold that the enforcement proceedings were not a separate and distinct case between the parties as to which another waiver of disqualification would be necessary.

2. The tax assessors contend that the trial court erred in finding that they failed to comply with the final judgment entered after receipt of this court's remittitur.

The taxpayers and the assessors have directed our attention to those portions of the transcript supporting their widely diverging views regarding whether or not the assessors properly took into account the "existing use" of the "rural lands." The compliance issue was hotly contested and the evidence of the opposing parties was in conflict. While the assessors place heavy emphasis upon the new procedures they followed, the taxpayers insist that the assessors' compliance be measured in part by results obtained, which they insist were meager in light of the finding of the trial court that "at least 72% of the rural land valuations published in the new assessments issued in June 1980 are *identical* to the prior valuations declared illegal by this Court."

It is not our role on appeal to substitute our view of the evidence for that of the trial court. *West v. West,* 228 Ga. 397, 398 (185 SE2d 763) (1971). The trial court sat as finder of the facts. The trial court's detailed findings of fact based upon the conflicting evidence will not be disturbed by us because they are not clearly erroneous. *Allison v. Fulton-DeKalb Hosp. Auth.,* 245 Ga. 445, 447 (2) (265 SE2d 575) (1980).

3. The power of the superior court to compel obedience to its previous judgment is not in issue. *Connell v. Connell,* 222 Ga. 765 (1) (152 SE2d 567) (1966). Instead, the assessors contend that if they failed to assess "rural land" in compliance with the previous judgment, the trial court should have remanded the digest to them for proper reassessment for the years 1977 through 1980 rather than enjoining the collection of additional taxes from owners of "rural land" who had paid taxes for those years on the basis of the 1976 digest. We agree. Treating such previous payments based on the 1976 digest as full and final settlement of tax liability for those years defeats rather than carries into effect this court's judgment requiring the assessors to consider "existing use" in the assessment of "rural land." *Cobb County Bd. of Tax Assessors v. Sibley,* 244 Ga. 404, supra. We vacate so much of the court's order as compelled settlement of those previously-paid tax obligations, and we direct the trial court to remand to the tax assessors the question of proper assessments on all "rural land" to be used in calculating taxes for the years 1977 through 1980.

*Judgment affirmed in part; vacated in part and case remanded with directions. All the Justices concur, except Hill, P. J., and Marshall, J., who dissent to Division 2 and the judgment. Weltner, J., not participating.*

*Flournoy & Evans, Charles A. Evans,* for appellants.
*Alston, Miller & Gaines, G. Conley Ingram, Russell Adkins,* for appellees.