## 63229. DOTSON v. HENRY COUNTY BOARD OF TAX ASSESSORS.

DEEN, Presiding Judge.

In the prior appearance of this case, *Dotson v. Henry County Bd. of Tax Assessors,* 155 Ga. App. 557, 559 (271 SE2d 691) (1980), this court construed the intent of the legislature in the wording of former Code Ann. § 92-5702 and held that in determining the value of land for taxation purposes thereunder, it was error to utilize "a valuation which tilted market value in favor of an assumed 'highest and best use' to appear from future speculation and development, rather than first determining the criteria for zoning, existing use, and deed restrictions, if any, at which time other pertinent factors may be considered." The Dotson property was shown to be used exclusively for timber and grazing with a valuation of $200 to $700 an acre should sales for such purposes occur. However, the value assigned to this property, as lowered on review by the superior court, was $1,088 an acre. The Board of Tax Assessors was instructed on remand from appeal to this court to consider the existing use of the property, but upon reevaluation it decided that $1,088 was a "fair and just" amount and the 1979 appraisal should remain unchanged. Mrs. Dotson thereupon filed the instant action seeking declaratory relief and requesting the court to invoke its contempt power to require the Board to comply with the judgment of this court in the first *Dotson*

case. A hearing was held and the superior court found that the Board had made "an honest effort" to comply with the directives of this court; the motion for contempt was denied and the $1,088 evaluation affirmed. A certificate for immediate review was granted and this appeal ensued.

1. In view of the trial court's finding that the Board made an "honest effort" to comply with the directions of this court, we cannot say that it abused its discretion in refusing to hold the Board in contempt of its remittitur order making our decision its own. "The trial court has a discretion whether or not, under the facts in a case, to adjudicate the defendant in contempt of court, and the discretion of the trial court will not be disturbed unless abused. [Cit.]" *Martin v. Martin,* 209 Ga. 850, 854 (2) (76 SE2d 390) (1953). See *Independent Bankers Assn. v. Dunn,* 237 Ga. 252 (227 SE2d 227) (1976).

2. This court is bound by the Constitution of the United States and the Constitution of the State of Georgia, the decisions of the Supreme Court of the United States and the Supreme Court of Georgia, and the legislative acts of the General Assembly of Georgia. No less are the lower courts and local governments bound by our decisions. To ignore a rule of law established is to promote anarchy. One's like or dislike of a law must address itself to the General Assembly, particularly in this instance where the appellate courts have heretofore interpreted and set forth in plain and unambiguous language the meaning of the statute in question. *Dotson v. Henry County Bd. of Tax Assessors,* 155 Ga. App. 557, supra; *Cobb County Bd. of Tax Assessors v. Sibley,* 244 Ga. 404 (260 SE2d 313) (1979).

We are not in the least unmindful of the fact that it is not the proper role of the appellate courts to substitute their view of the evidence for that of the trial court, and that where the findings of the trial court as trier of fact based on conflicting evidence are not clearly erroneous they will not be disturbed. This was the case in *Cobb County Bd. of Tax Assessors v. Sibley,* 248 Ga. 383 (2) (283 SE2d 452) (1981). However, that is not the situation now before this court, and that is why the *Sibley* decision is distinguishable and not controlling here. The issue presented in this appeal is whether the Board of Tax Assessors followed the specific directions of this court to consider and take into account existing use, actual comparable agricultural sales and more than one method of valuation in arriving at its assessment. The trial court's finding that the Board made an "honest effort" does not demonstrate that there was actual compliance or consideration of such evidence. Indeed, there is no evidence in the transcript of the hearing to support the finding that the $1,088 appraisal was a "fair and just" figure except the self-serving opinions of the Board members themselves.

It is therefore manifest that the rule of law set forth by this court has been ignored here. "[W]here findings of fact are 'clearly erroneous,' or wholly unsupported by the evidence, they may be set aside. Code Ann. § 81A-152 (a). [Cits.] And 'If the court's judgment is based upon a stated fact for which there is no evidence, it should be reversed.' [Cit.]" *Lamas v. Baldwin,* 140 Ga. App. 37, 39 (1) (230 SE2d 13) (1976). Accord, *Fruin-Colnon Corp. v. Air Door, Inc.,* 157 Ga. App. 804 (2) (278 SE2d 708). For this reason the case must once again be remanded with direction that the uncontroverted evidence as to existing use be considered and a valuation be determined more accurately reflecting the $200 to $700 per acre value of such land when used solely for agricultural purposes.

*Judgment affirmed in part and reversed in part with direction. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 12, 1982.

*G. Richard Chamberlin,* for appellant.
*Phillip T. Keen,* for appellee.