63714. AYERS et al. v. DOUGLAS COUNTY BOARD OF TAX ASSESSORS et al.

McMURRAY, Presiding Judge.

This case involves an appeal from the assessment of real estate for ad valorem taxation for the year 1979 with reference to two tracts of vacant land of the appellants. The main contentions are that the appraisal methods did not comply with Code Ann. § 92-5702 as amended by Georgia Laws 1978, pp. 1950, 1951-1952 with respect to tax years beginning on and after January 1, 1979 (now Code Ann. § 91A-1001 (b)(1)(B); Ga. L. 1978, pp. 309, 363; 1979, pp. 5, 15, effective January 1, 1980). The appeal enumerates error that the digest was compiled without consideration of the existing use of the property, that is, as to property use in the county and therefore the assessments are void; the digest as prepared resulted in a nonuniform system of taxation, and the board of assessors failed to assess all rural and wild land by taking into consideration its existing use.

On appeal to the board of equalization from the appraisal by the tax assessors both properties were reduced in value, but the appellants then appealed from that decision to the superior court.

A jury trial was waived, and the superior court, after a hearing, issued its findings of facts and conclusions of law.

The superior court set forth in the findings of fact that the 33.706 acre tract was purchased for $325 per acre and "used for access" to a larger tract and "was bought for pasture land, but at present it is idle." Further, the 21.635 acre tract "was bought for pasture land, but at present it is used as idle land and is rough and steep." The court further found that most of the land in that area of the county is "idle or small acreage single family tracts." Further, witnesses for the board testified that if a use, different from that in the area, was brought to the attention of the board it would "consider the use in

determining whether it had an effect on the fair market value of the property in question," and that the board also considered "zoning, restrictive convenants and all other pertinent factors necessary to determine the fair market value of the property." The findings of fact also disclose that the value of these properties were in conflict as to the witnesses for the board of tax assessors and/or board of equalization and that of the appellants.

The superior court concluded that it could not find from the evidence that as a matter of law that the assessors failed to consider use of the property since there was evidence that the assessors did consider comparable sales which "appear to have considered use." The superior court also concluded that the testimony was to the effect that the land was idle land and the testimony also disclosed that "if a different use was brought to the attention of the assessors they would have given it further consideration," and the record does not appear to disclose that "vacant or idle land was compared with speculative development or special purpose use as was the case in" *Cobb County Bd. of Tax Assessors v. Sibley,* 244 Ga. 404 (260 SE2d 313), and the case sub judice was also different from that of *Dotson v. Henry County Bd. of Tax Assessors,* 155 Ga. App. 557 (271 SE2d 691). The court also concluded that from the testimony that the "land was idle and would ultimately be pasture land," accordingly, the land of appellants "as well as all other land similarly situated was valued by proper methods." The court then held that appellants' property was "uniformly assessed with other similarly situated land by utilizing proper methods and standards," but the value of the 21.635 acre tract was too high and the same was ordered reduced to a fair market value of a lesser amount. *Held:*

1. This case was originally transferred by this court on June 4, 1981, to the Supreme Court because it involved a case of ad valorem taxation. However, it was returned to this court, by virtue of the Supreme Court's decision on October 27, 1981, because it was an appeal from a local governing authority's assessment of ad valorem taxation which did not raise the constitutionality of a statute or ordinance nor involve equitable remedies, and therefore, came within the jurisdiction of the Court of Appeals, citing *DeKalb County Bd. of Tax Assessors v. W. C. Harris & Co.,* 248 Ga. 277 (282 SE2d 880) (decided October 8, 1981). See *Ayers v. Douglas County Bd. of Tax Assessors,* 248 Ga. 382 (283 SE2d 475). For this reason the case is now under review.

2. "The object of the assessors must be to determine the fair market value of the property subject to taxation in the county and the methods employed may be varied if the object is attained. The question of whether true market value as to individual property

owners has been attained must be decided in the appeal to the county board of equalization." *Chilivis v. Backus,* 236 Ga. 88, 90 (222 SE2d 371). "Real property is unique and the extent to which existing use affects its value is dependent upon a great variety of other factors." *Cobb County Bd. of Tax Assessors v. Sibley,* 244 Ga. 404, 405, supra. See also Code Ann. § 92-5702, supra, now Code Ann. § 91A-1001, supra. Our examination of the findings of fact and conclusions of law show clearly that the superior court was fully aware of the state law requiring that property be assessed uniformly and at a fair market value. The superior court did not err in determining from the conflicting evidence both as to the use and nonuse of this property, as well as the existing use of property in the county, that appellants' land, as well as all other land similarly situated, was valued by proper methods. The evidence did not demand a finding as a matter of law that the assessors (as well as the board of equalization) did not consider use of the property in question or the property of all others similarly situated. Accordingly, none of the enumerations of error is meritorious.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 30, 1982.

*G. Michael Hartley,* for appellants.
*William Tinsley,* for appellees.