## 64225. STODDARD v. BOARD OF TAX ASSESSORS OF GRADY COUNTY.

McMURRAY, Presiding Judge.

This is a tax assessment case. H. L. Stoddard, Jr. returned his property for taxation for the year 1980 at a market value of $250,000. The property returned for taxation was comprised of approximately 986 acres of land, including his home, certain open land and the balance primarily timber land (a tree farm). The county board of tax assessors raised his market value to $539,492 with an assessed value at 40%, being $215,977. The taxpayer immediately appealed the matter to the county board of tax equalization based upon various grounds set forth. Whereupon, the board of equalization reduced the assessed value from $215,977 to $196,122.

The taxpayer appealed to the superior court, alleging numerous grounds, and after a pretrial order the case was tried before a jury. A verdict was returned in favor of the board of tax assessors and a judgment was entered adjudging the value of the taxpayer's property to be $196,122. The taxpayer appeals. *Held:*

1. The first enumeration of error is that the trial court erred in charging the jury that the burden of proof was upon the taxpayer plaintiff. Under the law the taxpayer returns his property at its fair market value, the assessors changed the value, and the taxpayer appealed to the county board of equalization which reduced the assessed valuation but not to the level that the taxpayer demanded. Being dissatisfied with its finding the taxpayer appealed to the superior court. The trial was a de novo action in which the appellant (taxpayer) enjoyed the opening and concluding argument. Counsel for appellant proceeded to present his case, after which the board of tax assessors responded. During the entire trial the taxpayer was referred to as the plaintiff and the board of tax assessors as the defendant. The court then instructed the jury that in all civil cases the burden is upon the plaintiff to establish by a preponderance of the evidence that the property was not assessed at its fair market value as fairly and justly equalized among other taxpayers. The court then

instructed the jury as to what was meant by the term preponderance of the evidence. At the completion of its charge when given a suitable opportunity the taxpayer objected to the court placing the burden of proof upon him, contending that since this was a de novo proceeding under the law the burden should have been placed upon the board of tax assessors to show fair market value rather than upon the appellant to show that it is not fair market value. Generally, in appeals in civil cases for a de novo investigation (other than condemnation in which the condemnor is required to prove just and adequate compensation for the lands taken) the party initiating the appeal is viewed as the plaintiff. This was the case here, and the taxpayer enjoyed the privilege of opening and concluding without making any objection to the method in which the case was presented to the jury. Under the circumstances we find no harmful error in the charge even if the court be in error in allowing the appellant (taxpayer) to open and conclude and in placing the burden of proof upon him. However, we view the method that the trial court used in the handling of a civil case to be correct. It is true that the board of tax assessors may appeal the valuation placed by the county board of equalization in which instance it would become the plaintiff. See Code Ann. § 91A-1449 (Ga. L. 1978, pp. 309, 456; 1979, pp. 5, 29; 1979, pp. 519, 520; 1980, pp. 1722, 1723).

In the case sub judice the taxpayer appealed. In *Hall County Bd. of Tax Assessors v. Reed,* 142 Ga. App. 556 (236 SE2d 532), it was stated at pages 558-559 that an appeal to the superior court from a county tax assessment is a complaint as contemplated by the Civil Practice Act, the same being a de novo investigation by trial before a jury. The just and fair valuation of the property involved is a question of fact for jury determination. See also in this connection *Dotson v. Henry County Bd. of Tax Assessors,* 155 Ga. App. 557 (271 SE2d 691).

We also point out that this issue has been decided adversely to the taxpayer in the case sub judice in *Weeks v. Gwinnett County Bd. of Tax Equalization,* 139 Ga. App. 37, 39 (227 SE2d 865). In *Weeks v. Gwinnett County Bd. of Tax Equalization,* supra, this court held "[s]ince either party may appeal to the superior court from the decisions of the county board of equalization with the action there being a de novo matter, and neither party is entitled to any prima facie presumption regarding the correctness of its evidence of valuation, we conclude that the burden of proof in the superior court is on the party initiating the appeal to that court — in this case the taxpayer." There is no merit in this complaint.

2. The second enumeration of error is that the trial court erred in failing to charge the jury (even without request or objection) on the issue of validity of the tax digest for the county as to the lack of

uniformity of the treatment of timber land in that county as compared with other counties in the State of Georgia. We note here that under Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078) that when the appellant (plaintiff taxpayer) was given a suitable opportunity to make objection and the grounds of his objection, no objection whatsoever was made. He now contends that the charge to which he objects constituted substantial error harmful as a matter of law. The case is somewhat similar to *Hand v. Williams,* 234 Ga. 755 (1) (218 SE2d 7) and *Sullens v. Sullens,* 236 Ga. 645, 646 (224 SE2d 921), wherein no objection to the charge was made when appellant was given the opportunity to object. We do not find any merit in this complaint as we do not find a gross miscarriage of justice. See *Nathan v. Duncan,* 113 Ga. App. 630, 638 (6) (149 SE2d 383) and *Metropolitan Transit System v. Barnette,* 115 Ga. App. 17 (153 SE2d 656). Nor do we find any blatant, apparent and prejudicial error depriving the losing party of a fair trial. See *Hollywood Baptist Church v. State Hwy. Dept.,* 114 Ga. App. 98, 99 (3) (150 SE2d 271). There is no merit in this complaint.

3. The remaining enumeration of error is that the verdict was contrary to law, contrary to the evidence, and strongly against the weight of the evidence. The appellant (plaintiff taxpayer) bases this contention upon the cases of *Cobb County Bd. of Tax Assessors v. Sibley,* 244 Ga. 404 (260 SE2d 313) and *Dotson v. Henry County Bd. of Tax Assessors,* 155 Ga. App. 557, supra, in that in considering comparable sales tax assessors had testified that they did not remove allotment valuations from sales used for comparable sales. In the *Sibley* case, supra, the Supreme Court affirmed the trial court which required that the taxation of real property be uniform and at a fair market value and "the assessors failed to consider the existing use of vacant land not commercial, industrial or residential subdivision," finding the evidence was sufficient to support the trial court's ultimate judgment in that respect. The existing use of property is one alternative factor in finding fair market value but it is "not the exclusive factor." See *Chilivis v. Backus,* 236 Ga. 88, 91 (222 SE2d 371); *Martin v. Liberty County Bd. of Tax Assessors,* 152 Ga. App. 340, 343 (262 SE2d 609); *Cobb County Bd. of Tax Assessors v. Sibley,* 244 Ga. 404, 405, supra. The evidence here was sufficient to authorize the verdict and judgment. There is no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 14, 1982.

H. L. Stoddard, Jr., *pro se.*

*Willard H. Chason,* for appellee.