## 68799. HARDIN v. WRIGHT.
(323 SE2d 918)

BENHAM, Judge.

Appellant, while traveling south on Highway 41 in Bartow County, was involved in a collision with an automobile owned by appellee and being driven by his daughter. Appellant sued appellee, an Alabama resident, in Henry County and served him pursuant to the Nonresident Motorists Act (OCGA § 40-12-1 et seq.). The gravamen of the complaint was that appellee was liable under the "family purpose" doctrine for damages resulting from his daughter's negligence. Appellee responded by seeking to dismiss the complaint for lack of personal jurisdiction and submitted an affidavit in accordance with the holding in *Hanft v. Allbright*, 132 Ga. App. 263 (208 SE2d 20) (1974). Appellee stated in his affidavit that his daughter had his "blanket permission to drive [his] car anywhere at any time. [He] merely retained the ownership of the vehicle."

Appellee's daughter testified on deposition that the car was in her father's name; that he used his own funds to purchase it; that she could do what she wanted with it; and that her father had the right to take the car away from her. She also stated that the car was purchased and provided to her in the summer of 1980, at which time she was living in Huntsville, Alabama, and was looking for an apartment in Florence, Alabama. She stated that from January 1980 to May 1981, she was a full-time student at the University of North Alabama and had no outside jobs.

The trial court dismissed the complaint upon finding that "[i]n this case, the owner bought a car and gave it to his adult child, then living and working in Georgia. He retained merely the legal title. This

is not sufficient for jurisdiction over the non-resident owner under the Non-Resident Motorist Act." Appellant appeals the dismissal for lack of jurisdiction. We reverse.

OCGA § 40-12-1 (a) permits an alleged non-resident tortfeasor involved in any motor vehicle accident to be served with process through the Secretary of State if the non-resident "may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle anywhere within the territorial limits of the State of Georgia . . ." To the extent that it was necessary for the trial court to resolve the issues of fact raised in ruling on the motion to dismiss, it was within the province of the court to do so. See *Intl. Indem. Co. v. Blakey*, 161 Ga. App. 99 (1) (289 SE2d 303) (1982). However, since the finding of fact made by the trial court is not supported by the record, we cannot uphold it. "[I]f the court's judgment is based upon a stated fact for which there is no evidence, it should be reversed." *Pinkerton & Laws Co. v. Atlantis Realty Co.*, 128 Ga. App. 662 (1) (197 SE2d 749) (1973).

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 19, 1984.

*William R. L. Latson*, for appellant.
*Benjamin H. Terry, Mark S. Gannon*, for appellee.