38

71724. IN THE INTEREST OF C. R. M. et al.
(345 SE2d 141)

McMURRAY, Presiding Judge.

The appellant mother brings this appeal from a judgment of the Ben Hill County Juvenile Court terminating her parental rights in four children. *Held*:

Appellant enumerates as error the juvenile court's finding of fact that one of the children, "[J. N. M.] suffers from genetic disorders, including eye problems, heart problems and constipation. She has been hospitalized for extended periods of time since her birth and she needs to be followed closely by a medical specialist." "Ordinarily, findings of fact by trial courts sitting without a jury are binding on appeal. *Brook Forest Enterprises, Inc. v. Paulding County*, 231 Ga. 695 (203 SE2d 860). But, where findings of fact are 'clearly errone-ous,' or wholly unsupported by the evidence, they may be set aside. [OCGA § 9-11-52 (a).] See also *Spivey v. Mayson*, 124 Ga. App. 775, 777 (186 SE2d 154); *Ga. Dept. of Human Resources v. Holland*, 133 Ga. App. 616 (211 SE2d 635). And 'If the court's judgment is based upon a stated fact for which there is no evidence, it should be re-versed.' *Pinkerton & Laws Co. v. Atlantis Realty Co.*, 128 Ga. App. 662, 665 (197 SE2d 749)." *Lamas v. Baldwin*, 140 Ga. App. 37, 39 (1) (230 SE2d 13).

We are unable to uphold the quoted finding of fact. Although there was some evidence from appellant's testimony that J. N. M. has an eye problem and was hospitalized, we find no evidence of pro-bative value authorizing the remainder of this finding of fact.

Appellant also enumerates as error the juvenile court's finding that appellant "has continuously failed to keep medical appointments for the children." While there is evidence that appellant failed to keep medical appointments for S. B. M., there is no evidence in this regard as to the remaining children. Thus, this finding of fact insofar as it relates to the three other children is clearly unsupported by the evidence.

The case sub judice must be remanded for reconsideration upon corrected findings of fact. *Lamas v. Baldwin*, 140 Ga. App. 37, 39 (1), supra; *Hardin v. Wright*, 172 Ga. App. 644 (323 SE2d 918); *Dotson v. Henry County Bd. of Tax Assessors*, 161 Ga. App. 257, 259 (287 SE2d 696).

Accordingly, the appeal is remanded with direction that the judg-ment be vacated and a new one entered with appropriate findings of fact and conclusions of law, after which the losing party shall be free to enter another appeal if so desired.

*Appeal remanded with direction. Carley and Pope, JJ., concur.*

DECIDED MAY 7, 1986.

Ronnie A. Wheeler, for appellant.
Gregory C. Sowell, for appellees.