A89A0637. KIMBRELL v. EFFINGHAM BOARD OF TAX
ASSESSORS.
(382 SE2d 388)

SOGNIER, Judge.
The Effingham County Board of Tax Assessors filed an application for contempt against Arnold Kimbrell, a dealer in mobile homes. After various delays, a hearing was held on the matter and the trial court found that Kimbrell had failed to produce his financial records as subpoenaed, see OCGA § 48-5-300 (a), and had failed to file a proper and timely return with the tax commissioner. The trial court held that Kimbrell owed back ad valorem taxes and penalties on thirty trailers for the 1987 tax year. Kimbrell appeals.

Appellant contends the evidence was not sufficient to support the judgment. At the hearing, Henry Wilkins, the Tax Commissioner of

Effingham County, testified that because of appellant's tardiness in making his 1986 return, Wilkins contacted the manager of appellant's mobile home dealership lot in January 1987 about the inventory on the lot so the taxes owed on all inventory present as of January 1, 1987, could be determined. Wilkins testified he drove past appellant's lot the latter part of January and observed at least twenty mobile homes on the lot, although he did not stop and count the precise number. Appellant submitted information enabling the tax commissioner to compute the taxes due on the seven mobile homes appellant admitted were present on the lot as of January 1st. Wilkins responded by letter to appellant informing him that the tax amount on the seven mobile homes set forth in the letter was due prior to April 1st, that the tax figures would be different and penalties applied if payment was not returned before April 1st, and that based on Wilkins' belief that more than seven mobile homes were on appellant's lot on January 1st, a subpoena of appellant's records was being requested in accordance with OCGA § 48-5-300 (a). Appellant failed to return the taxes due on the seven mobile homes prior to April 1st so his check, reflecting the pre-April 1st amount, was rejected.

After numerous attempts to verify the number of mobile homes held as inventory on appellant's lot as of January 1, 1987, Wesley Corbitt, an Effingham County auditor, went to appellant's new business location in Screven County and performed an inventory. A physical inventory no longer being possible, Corbitt testified that the inventory he made was based on the vendor invoices which indicated what mobile homes were billed and shipped to appellant's Effingham County lot. After cross checking with the sales journal to determine what units had been sold, it was determined that thirty mobile homes had been delivered to appellant's Effingham County business which were not sold prior to January 1987. Based on appellant's statement to him that "all but 11" of those mobile homes had been moved by appellant's employees to Screven County before January 1st, Corbitt testified he went to the Screven County courthouse but was unable to find any documentation that appellant had filed a return in that county for any of the remaining mobile homes.

Appellant and his employees testified that all but seven of the mobile homes had been transported from Effingham County to Screven County prior to January 1, 1987, but that no invoices or other documentation reflecting that movement had been made. Appellant presented no documentation to support his claim that the tax commissioner of Screven County had improperly allowed appellant to file his taxes for the mobile homes under the provisions for mobile vehicles rather than for mobile homes.

"In a bench trial the court sits as the trier of fact and [her] findings 'shall not be set aside unless clearly erroneous . . .' [Cit.] The

'clearly erroneous' test is the same as the 'any evidence rule.' [Cit.] Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them. [Cit.]" *Allen v. Cobb Heating &c. Co.*, 158 Ga. App. 209, 210 (279 SE2d 505) (1981); OCGA § 9-11-52 (a). We find the evidence adduced at the hearing sufficient to sustain the trial court's finding that appellant owed 1987 taxes in Effingham County on thirty mobile homes. Appellee proved thirty mobile homes were delivered to appellant's Effingham County lot which were not sold prior to January 1987. Although appellant and his employees testified only seven mobile homes were in Effingham County on January 1, 1987, appellant failed to produce any invoices or Screven County returns to demonstrate that the units delivered to his Effingham County lot had indeed been moved to Screven County, and the testimony of appellant and his employees was directly controverted by Wilkins' testimony that at least twenty units were still present on the lot in late January 1987. " 'In a case where the direct evidence is not all one way, or where there are proved facts and circumstances which could be taken as inconsistent with the direct positive testimony, the [trier of fact] may always consider the relationship and the feeling of the witnesses toward the parties, as well as all the facts and circumstances of the case, including the witnesses' manner of testifying, their intelligence and number.' [Cit.] In the case at bar, the [trier of fact] reasonably could have found that [appellant and his employees'] testimony was impeached. ' "Questions as to creditability and preponderance address themselves to the trier of facts. (Cits.). . . ." [Cit.]' [Cits.]" *Westinghouse Elec. Corp. v. Rider*, 168 Ga. App. 136, 137 (1) (308 SE2d 378) (1983). Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 11, 1989.

*Grady K. Reddick*, for appellant.
*Donald W. Ramsey, Jr., James B. Ashby*, for appellee.