A95A0697. BELLSOUTH TELECOMMUNICATIONS, INC.
v. HENRY COUNTY BOARD OF ASSESSORS.
(458 SE2d 705)

BIRDSONG, Presiding Judge.

Bellsouth Telecommunications, Inc. appeals from the judgment of the superior court, after a de novo bench trial in an appeal under OCGA § 48-5-311, establishing a 40 percent level of assessment for Bellsouth's property in Henry County. In essence, Bellsouth contends the superior court erred in holding that Henry County's use of a 40 percent assessment for Bellsouth's property did not violate the uniformity clause of the Georgia Constitution of 1983 (Art. VII, Sec. I, Par. III (f)) when all statistical evidence showed the average level of assessment of other property to be 38.84 percent of fair market value or below.

The record shows the trial court concluded that Bellsouth's property was taxed equally and uniformly in accordance with our Constitution, that Henry County did not arbitrarily assess Bellsouth's property at 40 percent of its fair market value because the county's in-house study fell within the criteria for reasonableness established by the State Department of Revenue, that the county was not required to reduce the level of assessment for any individual taxpayer to the level of sales ratio study, and that the method used by the county was reasonable and realistic under the circumstances. The effect of these conclusions is that even though the various studies showed the average level of assessments in Henry County ranged from 36.39 percent to 38.84 percent of fair market value, Henry County's 40 percent level of assessment on Bellsouth's property was correct because the county used a 38.84 percent level which was then rounded up to 40 percent based upon Revenue Department guidelines authorizing rounding up or down to 40 percent when the overall assessment per-

centage was between 38 percent and 42 percent. *Held*:

1. Bellsouth's motion to strike the amicus curiae brief is denied.

2. The findings of trial courts in non-jury trials "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." OCGA § 9-11-52 (a). As the clearly erroneous test is, in effect, the same as the any evidence rule, appellate courts will not disturb fact findings of a trial court if there is any evidence to sustain them. *Kimbrell v. Effingham Bd. of Tax Assessors*, 191 Ga. App. 544, 545-546 (382 SE2d 388).

We find the evidence sufficient to sustain the trial court. The fair market value to tax assessment percentage urged by Bellsouth was but one of several percentages developed in the evidence. The trial court was not required to accept the testimony of Bellsouth's expert, and the other evidence presented was sufficient to authorize its findings and judgment. *Stoddard v. Bd. of Tax Assessors &c.*, 163 Ga. App. 499, 501 (295 SE2d 170).

Further, we find the results of the various studies in this case which showed assessment to fair market value percentages ranging from 36.9 percent to 38.30 percent vastly different from the disparity condemned by our Supreme Court in *Undercofler v. Seaboard Air Line R. Co.*, 222 Ga. 822 (152 SE2d 878). Thus, we find no violation of Art. VII, Sec. I, Par. III of the Georgia Constitution of 1983.

Under our constitution, "all taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Art. VII, Sec. I, Par. III (a), Ga. Const. of 1983. To achieve this result, our law mandates that "taxable tangible property shall be assessed at 40 percent of its fair market value and shall be taxed on a levy made by each respective tax jurisdiction according to 40 percent of the property's fair market value." OCGA § 48-5-7 (a). Therefore, the mandate is to tax property at 40 percent of its fair market value.

3. Under our constitutionally mandated goal for uniform taxation and the statutory direction that all property be taxed at 40 percent of fair market value, the trial court did not err by finding Henry County's procedures for determining the assessment percentage of the value of Bellsouth's properties to be taxed, including the use of the State policy for rounding up or down to 40 percent, were not arbitrary and capricious. Our law requires only reasonable uniformity in taxation. *Strickland v. Douglas County*, 246 Ga. 640 (272 SE2d 340). Given the stipulation that Bellsouth's property was assessed at its fair market value and the preference in our law for taxing property at 40 percent of its fair market value, the superior court did not err in approving the 40 percent valuation.

Bellsouth contends the policy of allowing rounding up or down to

40 percent when the overall assessment percentage was within the 38 to 42 percent range permits violation of our Constitution's public utility equalization clause, Art. VII, Sec. I, Par. III (f). We find that argument misplaced. This policy merely recognizes that studies and ratios do not render exact results and that by their nature averages are derived from assessments that are both below and above the average.

Although Bellsouth asserts that this policy cannot be relied upon because it was not adopted pursuant to the rule-making provisions of the Administrative Procedures Act, we do not find this non-binding policy to be a rule within the meaning of OCGA § 50-13-2 (6).

4. Accordingly, Bellsouth's enumeration of errors are without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 30, 1995 —

*Beck, Owen & Murray, James R. Fortune, Jr., Richard W. Bell, William J. Ellenberg II*, for appellant.

*Blount & Cash, Ernest D. Blount, Crumbley & Crumbley, Wade M. Crumbley*, for appellee.

*Michael J. Bowers, Attorney General, Daniel M. Formby, Senior Assistant Attorney General, Harold D. Melton, Assistant Attorney General*, amici curiae.

