A95A1289. HIRSCH et al. v. JOINT CITY COUNTY BOARD OF TAX ASSESSORS.
(463 SE2d 703)

McMURRAY, Presiding Judge.

Jack Hirsch ("the taxpayer"), one of 50 "tenants in common" who own commercial real estate known as the Collier Heights Apartments ("the property"), notified the Joint City County Board of Tax Assessors for Fulton County, Georgia ("the Board"), that he wished to appeal the 1993 assessment on the property, contending that the "current assessment exceeds the fair market value." The Board proposed to assess the fair market value of the property at $2,952,500. Dissatisfied with this proposal, the taxpayer filed an appeal to the superior court. There, the issue of fair market value was tried de novo before the court, without the intervention of a jury. The superior court agreed with the Board that certain economic assumptions used in preparing the taxpayer's property analysis were unwarranted. Specifically, the superior court found that the taxpayer's market analysis of comparable sales "uses as comparables 6 sales in which the Federal Home Loan Mortgage Corporation is the grantor," even though the taxpayer bought the complex in 1964 when it was substantially new, for $2,300,000. In the experience of Guy Wood, the Board's expert appraiser, these proposed comparable sales of government-owned properties represented "properties that were probably foreclosed, and . . . a foreclosure, in my opinion, would not be a very good compara-

ble." The superior court further concluded that the taxpayer's use of a "capitalization rate of 16% for the subject property is excessive." Rather, an "appropriate capitalization rate [namely, 12 percent] produces a fair market value of $2,952,500.00 using the income analysis prepared by the [taxpayer] . . . in this case, without deducting [any] costs for deferred maintenance as [had been] urged by the [taxpayer]." This direct appeal followed. *Held*:

1. The taxpayer contends the superior court's judgment is unsupported by sufficient probative evidence, arguing that the Board's "only witness, [Guy] Wood, had no . . . opportunity to form a correct opinion," as to the property's fair market value. "The findings of trial courts in non-jury trials 'shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.' OCGA § 9-11-52 (a). As the clearly erroneous test is, in effect, the same as the any evidence rule, appellate courts will not disturb fact findings of a trial court if there is any evidence to support them. *Kimbrell v. Effingham Bd. of Tax Assessors*, 191 Ga. App. 544, 545-546 (382 SE2d 388)." *Bellsouth Telecommunications v. Henry County Bd. of Tax Assessors*, 217 Ga. App. 699, 700 (2) (458 SE2d 705). An appeal to the superior court from the county board of tax assessors is a de novo investigation. OCGA § 48-5-311 (f) (3). There, " 'neither party is entitled to any prima facie presumption regarding the correctness of its evidence of valuation, [although] the burden of proof in the superior court is on the party initiating the appeal to that court — in this case the taxpayer.' " *Stoddard v. Bd. of Tax Assessors of Grady County*, 163 Ga. App. 499 (1), 500 (295 SE2d 170).

" 'Market value is exclusively a matter of opinion even though expressed as a fact. It may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion.' *Schoolcraft v. DeKalb County*, 126 Ga. App. 101, 103 (2) (189 SE2d 915) [(physical precedent only)]. Accord *Apostle v. Prince*, 158 Ga. App. 56, 57 (1) (279 SE2d 304)." *Bryant v. Gen. Motors Acceptance Corp.*, 184 Ga. App. 323, 325 (3) (361 SE2d 529) (physical precedent only). "Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question *or similar property* and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion. Code [Ann.] §§ 38-1708, 38-1709 [now OCGA §§ 24-9-65 and 24-9-66]; [cit.]. Absent this foundation, the opinion as to value is inadmissible as it is nothing more than an 'unsupported conclusion or guess of the witness.' [Cit.]" (Emphasis supplied.) *Sisk v. Carney*, 121 Ga. App. 560, 563 (4) (174 SE2d 456). In the case sub judice, Guy Wood testified that his opinion of fair mar-

ket value was derived from his training, experience, and familiarity with similar properties in the city. Even though he never personally inspected the taxpayer's property, Guy Wood's training and experience, applied to the undisputed physical facts as well as the variable economic assumptions, afforded him a substantial opportunity for forming a correct opinion as to the fair market value of the property. Any "lack of actual [or personal] knowledge goes to the weight of his opinion, a [credibility] question, and does not render the opinion inadmissible." *State Hwy. Dept. v. Peters*, 121 Ga. App. 167 (1), 169 (173 SE2d 253). An adequate foundation was established for Guy Wood's testimony, such that the superior court was not left to speculate based upon unsupported conclusions or guesswork. We find the evidence sufficient to sustain the superior court's determination of fair market value. *Bellsouth Telecommunications v. Henry County Bd. of Tax Assessors*, 217 Ga. App. 699, 700 (2), supra.

2. In the second enumeration of error, the taxpayer contends the superior court erred "in adopting verbatim proposed Findings of Fact and Conclusions of Law submitted by [the Board] without giving serious consideration to or reviewing the proposed Findings and Conclusions it adopted." Review of the record discloses that the superior court invited "each [party] to prepare . . . a very short proposed order, with findings of fact, conclusions of law, and the order of the court." Counsel for the Board served counsel for the taxpayer by facsimile with a copy of the Board's proposed order. The taxpayer did not submit his own proposed order or file exceptions to the Board's proposed order, for aught that appears of record. The superior court adopted the proposed findings of fact but did not adopt the proposed conclusions of law. The Board's proposed "order in this case is well supported by . . . the record and was adopted by the [superior court] as [its] own. We decline [the taxpayer's] invitation to accord the order less deference than mandated by OCGA § 9-11-52." *Jefferson v. Zant*, 263 Ga. 316 (1), 317 (431 SE2d 110). This enumeration is without merit.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

### ON MOTION FOR RECONSIDERATION.

The taxpayer renews his objections to the Board's expert opinion evidence of current valuation. In our opinion, these renewed grounds go to credibility and not competence vel non. OCGA § 24-1-1 (1). Consequently, the circumstance that the trier of fact chose to believe the Board's experts over the evidence submitted by the taxpayer does not render the judgment unsupported by substantial evidence. This ground does not authorize reconsideration of Division 1 of this Court's October 3, 1995, opinion and judgment. Court of Appeals

Rule 37 (e).

Also, defendant has transmitted to this Court the October 13, 1995, order of the Fulton County Superior Court through which the parties attempted to apply OCGA § 5-6-41 (f) and stipulate for inclusion in the record on appeal the taxpayer's proposed findings of fact and conclusions of law and final judgment. These documents had been submitted to the superior court but "were not filed with the Clerk of [the superior court] and should not be omitted from the record on appeal in this action[.]" "OCGA § 5-6-41 (f), . . . under which the action originates in the trial court . . . is not to be used after rendition of an appellate court's decision as a vehicle to secure the grant of a motion for [reconsideration] or application for certiorari. Once the appellate court renders its decision, OCGA § 5-6-48, . . . under which the action originates in the discretion of the appellate court, becomes the exclusive method for supplementing the record." *State v. Pike*, 253 Ga. 304, 307 (320 SE2d 355). We have exercised our discretion to consider these supplemental documents and find nothing therein to warrant any change in Division 2 of the opinion or any change in the judgment.

*Judgment adhered to on motion for reconsideration.*

DECIDED OCTOBER 3, 1995 —
RECONSIDERATION DENIED NOVEMBER 2, 1995 — ▮▮▮▮▮▮▮

*Scott E. Tinnon*, for appellants.
*W. Roy Mays III*, for appellee.

