A97A1881. DOUGHERTY COUNTY BOARD OF EQUALIZATION v. CASTO DEVELOPMENT COMPANY.

(491 SE2d 483)

Judge Harold R. Banke.

Casto Development Company ("Casto") filed a written notice of appeal of the decision of the Dougherty County Board of Equalization regarding its assessment of certain real property for tax years 1993 and 1994. The Dougherty County Board of Equalization ("Board") now seeks to challenge the trial court's judgment in favor of Casto.

The salient facts are undisputed. The owners of the real property at issue executed a long-term ground lease in 1973 with Casto, with options adding to 80 years. Casto then developed the land through the construction of buildings presently known as the K-Mart Shopping Center. K-Mart and Harvey's occupy 94 percent of the shopping center's leased space with the balance occupied by several specialty stores. Both major tenants' leases include long-term renewal options.

In 1992, a new computerized CAMAS evaluation system, which used solely a cost method of appraisal, more than doubled the value of the 18-year-old shopping center to $4,449,800. Casto unsuccess-

fully appealed that valuation to the Dougherty Board of Tax Assessors. The Board of Equalization reduced the 1993 fair market value to $4,181,900. Casto appealed the 1993 and 1994 taxes which it paid under protest to the superior court.

During the ensuing bench trial, the parties presented extensive evidence including the testimony of three experts concerning the value of the subject property. Casto's expert, Bernard Carmichael, explored three separate approaches to value — market sales comparison, cost, and income, before deciding to ascribe more weight to the income approach. Carmichael explained that because an appraisal involves an attempt to anticipate what a well-informed purchaser would pay for the property, existing leases must be considered. According to Carmichael, the county's cost approach was flawed because the shopping center was suffering from functional and economic obsolescence, especially since both a Sam's Club and Wal-Mart had opened new larger facilities in the immediate area. Carmichael concluded that the value was $2,274,000 as of January 1, 1993, and $2,224,000 as of January 1, 1994.

The Board offered the testimony of two experts. Robert Hardin, the County's chief commercial appraiser, testified that he arrived at a $4,181,900 value based on a cost approach. Hardin admitted that in arriving at this valuation, he did not factor in functional obsolescence or economic depreciation. The Board's other expert, Bryan Almand, testified that under his analysis, the value ranged from $2,800,000 to $2,870,000. Almand considered both an income and market sales comparison analysis. He felt that inasmuch as the shopping center was suffering from functional obsolescence, that an income approach was the best method to determine value. Almand admitted that an income approach using theoretical market rents as opposed to actual existing rents would capture all of the "bundle of rights in that property" and would result in a value of the subject property of $3,375,000. Almand rejected the use of market rents when he gauged what a well-informed investor would likely pay for the property. Almand testified the income approach, as used in his appraisal, was generally recognized in the appraisal industry as the best method to determine market value.

After considering the evidence, the trial court determined the value was $2,870,000. Enumerating two overlapping arguments, the Board appeals. *Held*:

The Board contends that the trial court erred in determining the fair market value by applying the income approach subject to existing leases because such a method: (1) does not subject all of Casto's property to assessment and taxation; and (2) does not produce fair and justly equalized assessments between [sic] taxpayers as required by State law. We disagree.

Just and fair valuation of property is a question to be determined by the factfinder, here, the trial court. *Stoddard v. Bd. of Tax Assessors of Grady County*, 163 Ga. App. 499, 500 (1) (295 SE2d 170) (1982). On appellate review, the trial court's determination must be affirmed unless it is clearly erroneous. OCGA § 9-11-52 (a).

Assessed value must consider, inter alia: existing zoning, existing use, and "[a]ny other factors deemed pertinent in arriving at fair market value." OCGA § 48-5-2 (3) (B) (iv). The expert testimony conflicted as to the "other factors" which the experts deemed pertinent in creating their respective calculations of the fair market value of the shopping center. Notwithstanding the Board's claim to the contrary, a consideration of "existing use" (the current leases) must be employed as a " 'yardstick' with which to measure fair market value" not hypothetical non-existing leases. See *Inland Container Corp. v. Paulding County Bd. of Tax Assessors*, 220 Ga. App. 878, 879 (1) (470 SE2d 702) (1996).

The fair market value urged by Almand, one of the Board's experts, was the valuation eventually adopted by the trial court. As the sole judge of witness credibility, the trial court was not under any obligation to subscribe to the higher estimate provided by the same expert. OCGA § 9-11-52 (a). Almand provided a detailed explanation of how he calculated the fair market value. In light of this evidence, the trial court had an adequate basis on which to make its determination of fair market value and was not left to engage in speculation, guesswork, or unsupported conclusions. *Hirsch v. Joint City County Bd. of Tax Assessors*, 218 Ga. App. 881, 883 (1) (463 SE2d 703) (1995). The evidence, although disputed, was sufficient to sustain the trial court's judgment. *BellSouth Telecommunications v. Henry County Bd. of Tax Assessors*, 217 Ga. App. 699, 700 (2) (458 SE2d 705) (1995). Having found no error in the court's judgment, we are unable to conclude that the assessment method embraced by the court failed to subject all of Casto's property to assessment and taxation or resulted in unfair or unjust assessments for other taxpayers.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 27, 1997 —

*William S. Lee IV*, for appellant.

*Watson, Spence, Lowe & Chambless, Stephen S. Goss*, for appellee.