51143. HODSDON v. DUCKETT et al.
51144. HODSDON et al. v. DUCKETT et al.
51145. COMMERCE DEVELOPMENT COMPANY, INC. v. DUCKETT et al.

WEBB, Judge.

Appellants here are taxpayers who filed their notices of appeal to the superior court from the real estate assessments of the Banks County Board of Tax Equalization. Code Ann. § 92-6912 (6). The three appeals were consolidated and tried before a jury. Appellants presented evidence of the fair market value of the parcels and rested, and appellee tax assessors presented no evidence.

The court charged the jury: "Well if you find, upon

considering the case, that the court, as the court has instructed you, that if you were to find in favor of the defendant, the form of your verdict would be, 'We, the jury, find in favor of the defendant,' in 1, 2 and 3 cases." Appellants objected to this charge on the grounds that the jurors were obligated to find the fair market value of the parcels. The jurors returned their verdict, "We, the jury, vote in favor of the defendant in all three cases," thereby finding that the assessments of the board of equalization were correct. Upon query from the court as to objections to the form of the verdict, appellants objected on the grounds that the jurors should have ascertained the fair market value of the parcels and that there was no evidence to substantiate the findings of the board of equalization. Appellants are now before this court urging the same objections.

We reverse. The statutory design of appeal to the county board of equalization and then to the superior court contemplates that findings as to fair market value shall be made. Code Ann. § 92-6912(5)(A), (6)(D)(2). Upon appeal to the board of equalization, the determination of the tax assessors as to questions of fact shall be deemed prima facie correct (Code Ann. § 92-6912(5)(D)); and, prior to Ga. L. 1974, pp. 609, 610-11, the same presumption applied to the decision of the board of equalization upon appeal to the superior court. Ga. L. 1972, pp. 1094, 1099, § 6 (C) provided that "The appeal [to the superior court] shall constitute a de novo action. *The decision of the local board of equalization as to all questions of fact shall be deemed prima facie correct.*" (Emphasis supplied.) However, Ga. L. 1974, pp. 609, 610 struck the emphasized sentence, so that § 6 (C) now simply provides: "92-6912. (6) (C) The appeal shall constitute a de novo action."

The instant proceedings took place after the effective date of the 1974 Act, and consequently no presumption of correctness attached to the assessments of the board of equalization. Since the values upon which those assessments were made did not fall within the range of appellants' value testimony, and since appellee tax assessors offered no evidence, the judgment must be reversed on both the objected-to charge to the jury and on the general grounds.

*Judgments reversed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED SEPTEMBER 17, 1975 — DECIDED SEPTEMBER 30, 1975.

*L. Eddie Benton, Jr.,* for appellants.

*Griggs & Butterworth, Joseph A. Griggs,* for appellees.