63096. BROWNING v. B. F. DIAMOND CONSTRUCTION
COMPANY, INC.

BANKE, Judge.

The plaintiff is the widow of an employee who was killed while working for the defendant as a supervisor on a bridge construction project. The bridge was to span navigable waters near Destin, Florida. The death occurred on a "bridge footing" or "pier" made of concrete and supported by pilings driven into the riverbed. The decedent was supervising the placement of two reinforced steel bar cages on top of the pier when a tug used in the operation ran into a construction barge. The construction barge in turn hit a floating crane barge, causing a guy rope to break and the steel bar cages to fall. One of these crushed the decedent. The plaintiff has recovered workers' compensation benefits under Florida law. She brought this action for negligence under the Jones Act, 46 USCA § 688, which provides that ". . . [I]n case of the death of any seaman as a result of . . . personal injury . . . [in the course of his employment] the personal representative of such seaman may maintain an action for damages at

law with the right of trial by jury." The appellant argues that her husband was a seaman within the meaning of the Act and that this suit for damages may consequently be maintained pursuant to 28 USCA § 1333. The plaintiff also bases her claim for relief upon the general maritime law doctrine that a vessel is warranted to be seaworthy or reasonably fit. She appeals the trial court's grant of summary judgment to defendant as to both theories. By amendment to her complaint, the plaintiff also sets out a cause of action under the Longshoremen's and Harbor Workers' Compensation Act, 33 USCA § 905 (b). This cause of action is not involved in this appeal and remains pending in the trial court. *Held:*

1. "[T]here is an evidentiary basis for a Jones Act case to go to the jury: (1) If there is evidence that the injured workman was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and (2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips." Offshore Company v. Robison, 266 F2d 769, 779 (5th Cir. 1959). The claim must not only involve an occurrence upon navigable waters, it must have a maritime nexus, i.e., a "significant relationship to a traditional maritime activity." Executive Jet Aviation, Inc. v. City of Cleveland, 409 U. S. 249 (4), 268 (93 SC 493, 34 LE2d 454) (1972).

The decedent in this case spent some of his working time on barges or tugs owned and operated by the defendant, and he could reach the "piers" or "footings" only by water transport. However, he was in no sense a crew member of any such barge or tug and was not performing a seaman's duties. See Biggs v. Norfolk Dredging Co., 360 F2d 360, 364 (4th Cir. 1966). His presence on these vessels was intermittent and incidental to his construction duties. Because his duties bore no significant relationship to traditional maritime activity, he was not a seaman within the meaning of the Jones Act. Accord, Whittington v. Sewer Const. Co., 541 F2d 427 (4th Cir. 1976); Simko v. C & C Marine Maintenance Co., 594 F2d 960 (3rd Cir. 1979).

2. "The admiralty doctrine of absolute liability for unseaworthiness is based on protection of seamen who sign articles for a voyage and are then under the absolute control of a master with power to order seamen to do the ship's work in any weather, under any conditions, using such equipment as may be furnished by the shipowner." Offshore Co. v. Robison, supra, p. 781. Under this doctrine a shore-based employee doing a seaman's work aboard his

employer's vessel can recover for injuries caused by the vessel's unseaworthiness. Reed v. The S. S. Yaka, 373 U. S. 410 (83 SC 1349, 10 LE2d 448) (1963). "The critical question . . . is whether . . . [the decedent] . . . was doing the work of a seaman aboard the barge. If he was, he is entitled to sue on the warranty of seaworthiness; if not, his suit must be dismissed." Lewis v. Roland E. Trego & Sons, 501 F2d 372, 374 (4th Cir. 1974). As previously held, the uncontroverted evidence establishes that the decedent's duties were those of a construction supervisor on a bridge project at the time of his death. The trial court correctly concluded that a cause of action based on the federal maritime doctrine of seaworthiness was not available to him.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 12, 1982 —
REHEARING DENIED JANUARY 26, 1982 — ▉▉▉▉▉▉▉▉

*Richard J. Harris,* for appellant.
*H. Baxter Harcourt, G. William Snipes, John W. Denney, John E. Houser,* for appellee.