## 64999, 65114. MONROE COUNTY BOARD OF TAX ASSESSORS v. REMICK; and vice versa.

McMurray, Presiding Judge.

In an order dated February 25, 1980, the Monroe County Board of Equalization, in an appeal of a taxpayer contending her property was not uniformly assessed with other property, ordered the Monroe County Board of Tax Assessors to "take such action as may be necessary to reassess rural lands in Monroe County [consisting] of open lands and orchards . . . in order to obtain uniformity in the assessments of lands in Monroe County, Georgia." In the order the board of equalization set forth that the board of tax assessors had adopted a schedule of valuations with reference to rural non-timbered lands consisting of open land and orchards and set forth that the board of equalization had determined that these valuations should be revised and reduced, citing further therein *their valuations for the schedule previously adopted* by the board of tax assessors. It also set forth that the order did not apply "to small acreage tracts of land which are defined as tracts of land being twenty-five (25) acres or less."

In another appeal by a taxpayer in a decision by the Monroe County Board of Equalization dated October 29, 1980, that board ordered the 1979 assessments of property be recompiled with reference to its previous order "concerning open lands, orchards,

ponds, and timberlands," therein setting aside the proposed assessments for compiling the 1979 ad valorem tax digest for Monroe County "as not uniform and equal in the assessment of various properties in the county as required by law." It then set forth that there was apparent discrimination in relation to the taxation of small tracts of land as compared to large tracts of land and "direct that the amount of land owned by any person shall not affect the assessment of such land for taxes, but that all land, excluding homesites, be assessed at the same rate applied to the same quality of land located in the same general area and used for the same purposes," among other things.

Franklin Elmo Remick had his property tax assessments changed on three separate tracts of land by reason of county-wide equalization. It is noted here that the tax year is not shown on the notice of change but the date of notice was "10/23/81" on each of the assessment notices, and it is assumed (by reason of the above) that same applied to the tax year 1979 and thereafter. Remick appealed the valuation of his property for tax purposes to the Monroe County Board of Equalization, contending in each of the appeals that the property was not uniformly assessed with other property included in the digest and also on the ground of an unrealistic fair market value. After a hearing the board of equalization determined that each tract of land was uniformly assessed and found the assessed value of each tract to be the same as that determined by the board of tax assessors. Remick appealed this decision to the superior court contending therein his property was not uniformly assessed with other property because of the decision, judgment and order of the board of equalization dated October 29, 1980, which caused his property "not to be assessed at its fair market value as compared to smaller tracts of land in the Monroe County tax digest," the order being in violation of Georgia law ordering the tax assessors to assess all land at the same rate per acre whether it be a small acreage tract or a large acreage tract and the board of equalization's order made it impossible for the board of tax assessors to comply with the Georgia law as codified in Code Ann. § 91A-1001 (b) (B) (Ga. L. 1978, pp. 309, 363; and again amended in 1979, pp. 5, 15, effective January 1, 1980 — this amendment not applying here as the change in question is not to the tax year 1979 but to tax years 1980 and thereafter) (now OCGA § 48-5-2). Remick specifically contends that under sub-section (iv) of this law which authorized the tax assessors to consider any other factors deemed pertinent in arriving at fair market value the action of the board of equalization made it impossible for the tax assessors to arrive at fair market value. He further contends in his appeal that an unrealistic fair market value has been placed on his property in

particular by reason of the earlier order with reference to the appeal by another named taxpayer in which the Monroe County Board of Equalization ordered and directed the Monroe County Board of Tax Assessors to revise their appraisal schedule relating to all rural non-timbered lands consisting of open lands and orchards as not applying same to small acreage tracts of 25 acres or less thereby causing his property to be unrealistically assessed as to its actual fair market value. (NOTE: The appeal here is shown to be from a decision as to the taxpayer's property by the board of equalization dated December 9, 1981, and we assume that same applies to the county-wide equalization program ordered by the board for the tax year 1979, as we cannot ascertain with certainty from tax records forming part of the record on appeal that 1979 is the tax year involved, all of the above having occurred in the years 1980 and 1981.)

A rule nisi then issued in accordance with Code Ann. § 91A-1449 (f) (4) (Ga. L. 1978, pp. 309, 456; 1979, pp. 5, 29, effective January 1, 1980; 1979, pp. 519, 520, effective January 1, 1980) (OCGA § 48-5-311, effective November 1, 1982) for a hearing on April 1, 1982. This order was dated March 16, 1982. The hearing was rescheduled for March 29, 1982, in an order dated March 23, 1982. A motion to dismiss the appeal was also filed but appears to have never been ruled upon.

A hearing was then held on March 29, 1982, and an order issued on March 31, 1982. Therein the superior court made certain findings of fact and conclusions of law, setting forth that the parties had stipulated that the issue presented is one of law and the court might decide the case without empaneling a jury. The three appeals were consolidated and considered as one joint appeal with reference to the taxpayer's contentions that his property was not uniformly assessed with other property included in the digest and was based on un-realistic fair market value. The court set forth that the tax records certified to the superior court contain the decision of the board of tax equalization in another tax appeal (shown above as the order dated October 29, 1980) directing the tax assessors to assess all land "at the same rate applied to the same quality of land located in the same general area and used for the same purposes." In the conclusions of law the superior court set forth the law requiring that all real property shall be taxed uniformly and at fair market value; the substance of Code Ann. § 91A-1001, supra, as to the criteria to be used by the tax assessors in determining the fair market value of real property, citing this law as well as *Cobb County Bd. of Tax Assessors v. Sibley,* 244 Ga. 404 (260 SE2d 313), and *Tax Assessors of Gordon County v. Chitwood,* 235 Ga. 147, 154 (218 SE2d 759). The latter case was cited with reference to the authority of the board of equalization to direct a reassessment to achieve uniformity. However, the superior court held

the board of equalization could not legally direct the assessors "to use, or to refrain from using, those criteria specified by law in determining fair market value." The court then held the board of tax assessors failed to determine the fair market value of Remick's property as required by law even though Remick had conceded the assessed value to be below fair market value, the board of equalization having confused the concept of uniformity with the mandate of law that property be assessed at fair market value and that *the assessors must consider* certain elements specified in the law and *may consider* "any other factors deemed pertinent"; and the board of equalization had prohibited the assessors from considering any other factors deemed pertinent which included size of the tract. The court then ruled as a matter of law without reaching the factual issue as to Remick's assessment "that the Tax Assessors have employed an erroneous and illegal formula in arriving at the assessment." The court then held it did not have before it sufficient facts to rule on the uniformity issue and that it could not reach this "until the Tax Assessors make an assessment of Remick's land and other parcels similarly situated according to the fair market value of the various parcels," remanding the case to the board of tax assessors with direction that this taxpayer's land be assessed in accordance with its fair market value as determined by Code Ann. § 91A-1001 (b) (1) (B), supra, holding that any direction to the contrary by the board of equalization would not be in accordance with the law and shall not be followed. It then held that after the taxpayer's parcels of land had been reassessed in accordance with this order any further appeals shall be processed through the board of equalization as provided by law. The Monroe County Board of Tax Assessors appeal in Case No. 64999, and the taxpayer cross-appeals in Case No. 65114. *Held:*

1. One of the enumerations of error is that the court erred in considering the record of another appeal (an order in said case setting aside *all assessments if not uniform* and requiring a county-wide equalization program) as same was not certified to the superior court as part of the record. True, this part of the record does not appear to have been properly certified unless the item in the certification styled "Documents from the file used by the board of equalization" should cover it, nor is it listed in the list of "Attachments" to the certification. However, in the transcript of the proceedings, the court specifically asked counsel if the decision in this tax appeal was a part of the record. Counsel for both parties responded and answered in the affirmative that it was part of the record. This enumeration of error is not meritorious.

2. Error is enumerated to the allowance by the court of certain testimony that the board of tax assessors was required to use illegal

methods in the county-wide equalization program by reason of the orders of the board of equalization in two other appeals because counsel for both parties had stipulated that the jury question was not involved and the court might decide the case as "solely a question of law." The court agreed the parties might stipulate this but that the court would not make a final judgment "on that" as witnesses were being called to testify and, it might appear at any time fact questions were involved. As to the witnesses called, we find no conflict in their testimony, hence the court proceeded, based on this testimony, to rule as a matter of law that the tax assessors had employed an erroneous and illegal formula in arriving at the assessment. However, the court held it did not have sufficient evidence before it to rule on the taxpayer's assessment or the "uniformity issue" due to the tax assessor's use of an "erroneous and illegal formula." The court then remanded the case to the tax assessors and ordered that the taxpayer's property be reassessed in accordance with the law (the statutory and case law set forth in the order) and that thereafter the taxpayer might again appeal his assessment.

We do not find the court agreed to the stipulation that it would hear no evidence, and as the stipulation merely refers to the fact that the court might hear the case and rule as a matter of law and not as to fact issues, we find no error here for there was no conflict in the evidence presented to require a jury hearing in regard thereto. The evidence demanded a finding the board of tax assessors had carried out the illegal mandates of the board of equalization.

3. The order as made was tantamount to holding the board of equalization in both previous appeals had exceeded its authority in directing the board of tax assessors as to how to carry out the county-wide equalization program. Therefore, the superior court did not err in holding the tax assessors had failed to determine the fair market value of the property as required by law and had employed an erroneous and illegal formula in arriving at the assessment, in arbitrarily refusing to consider any of the specific factors set forth in the statutory law, in determining the fair market value and in holding that the assessments with reference to these lands were illegal. There is no merit in these complaints. No values were considered by the court as the court did not determine the fair market value of the taxpayer's property. It only considered the directives of the board of equalization required of the tax assessors in its county-wide equalization program as confusing the "concept of uniformity with [the] mandate of the law that property be assessed at fair market value" and remanded the case to the board to assess the taxpayer's property in accordance with the law. See *Cobb County Bd. of Tax Assessors v. Sibley,* 244 Ga. 404, supra. The court then held that it did

not have sufficient facts to rule on the uniformity issue "until the Tax Assessors make an assessment of [taxpayer's] land and other parcels similarly situated according to the fair market value of the various parcels," and the case was remanded with the direction that same be assessed in accordance with the statutory and case law set forth. The superior court did not err in so remanding the case for reassessment in accordance with law.

4. We do not find that the taxpayer admitted in his appeal that his property was uniformly and equally valued with other property in the digest in that his appeal clearly was that it was not uniform as to fair market value as required by law, the directives to the board of tax assessors making it impossible for the tax assessors to comply with same and further that an unrealistic fair market value had been placed upon his property. While we find no ruling on the motion to dismiss the taxpayer's appeal, there is no merit in the enumerations of error contending that the taxpayer admitted that his property was uniformly and equally valued with other property in the digest.

5. In the cross-appeal it is contended that the superior court failed to consider a directive in one of the previous appeals ordering and directing the tax assessors to "use certain set and fixed values in arriving at the assessments." We do not agree that the court failed to consider this directive since it clearly remanded the case for the reason that the board of equalization's directives to the board of tax assessors were erroneous and violative of the law. Hence, there is no merit in this complaint.

6. The remaining enumeration of error in the cross-appeal is that the superior court was in error in holding that it did not have sufficient facts to rule on the uniformity issue and did not hold the 1979 tax digest "not uniform and thus failed to accomplish proper relief in behalf of [the] property owner . . . and the entire Tax Digest." We do not agree, as the superior court remanded same to the tax assessors to *"make an assessment of [taxpayer's] land and other parcels similarly situated* according to the fair market value of the various parcels." (Emphasis supplied.) Under the limited evidence before the court, it did not err *in refusing to hold the entire* tax digest as not uniform, but it did so hold that based upon the illegal directives as to farm (other than timber) lands such property was lacking in uniformity for the order required reassessment of the taxpayer's land *and other parcels similarly situated* according to the fair market value of the various parcels in accordance with law and to disregard the erroneous and illegal formula in the directives to the board of tax assessors by the board of equalization. Accordingly, there is no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 25, 1983 —
REHEARING DENIED MARCH 4, 1983 — 

*W. Franklin Freeman, Jr., Kenneth R. Waldrep,* for appellant.
Franklin E. Remick, *pro se.*