## 67121. STONE MOUNTAIN POOL SUPPLY COMPANY v. IMPERIAL POOL COMPANY.

SHULMAN, Presiding Judge.

In an amended complaint, appellee Imperial Pool Company ("Imperial") brought suit against appellant Stone Mountain Pool Supply Company ("Pool Supply"), Stone Mountain Pool Company, Inc. ("Pool Company"), and an individual, alleging common law fraudulent transfer of assets. After appellant Pool Supply's motions for summary judgment, for directed verdict, and to dismiss were denied, a jury rendered a verdict for appellee against the three defendants. Only Pool Supply is a party to this appeal, and it takes issue with the denial of its motions mentioned above. We affirm.

1. Appellant's motion to dismiss was based on jurisdictional grounds. It contended that appellee's claim was one sounding in equity which was without the jurisdiction of the State Court of DeKalb County. However, OCGA § 18-2-21 states that "[c]reditors may attack as fraudulent a judgment, conveyance, or any other arrangement interfering with their rights, either at law or in equity." Furthermore, the relief sought by appellee was for money damages. "The rule is that 'to make a case one for equity jurisdiction it must contain allegations and prayers for equitable relief.' [Cit.]" *Jones v. Van Vleck*, 224 Ga. 796, 797 (164 SE2d 724). Inasmuch as the complaint, as amended, contains neither allegations of nor prayers for equitable relief, the trial court was correct when it denied the motion to dismiss.

2. Appellant also enumerates as error the denial of its motion for summary judgment. " 'After verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case.' [Cit.]" *Talmadge v. Talmadge*, 241 Ga. 609 (1) (247 SE2d 61). See also *Gosnell v. Waldrip*, 158 Ga. App. 685 (1) (282 SE2d 168); OCGA § 9-11-56 (h).

3. Finally, appellant contends that its motion for directed verdict was erroneously denied. A directed verdict is authorized "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . ." OCGA § 9-11-50. There was evidence that the sole stockholder of Pool Company had sold his interest in the business to M. D. Carter, who, with her husband, had been "intimately involved" with the operation of Pool Company; that Pool Supply, with Mrs. Carter as sole stockholder, was then incorporated to buy the assets of Pool Company in order to alleviate pressure from creditors. The above-summarized evidence is sufficient to uphold the denial of a directed verdict for appellant.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 1, 1984 —
REHEARINGS DENIED MARCH 14, 1984.

*Ronald J. Armstrong*, for appellant.
*Theodore P. Bianco*, for appellee.