## 70509. HARDAWAY CONSTRUCTORS, INC.
## v. BROWNING et al.
### (336 SE2d 579)

BENHAM, Judge.

Appellee's decedent was killed while employed by appellant as a supervisor on a bridge construction project spanning a portion of the Gulf of Mexico near Destin, Florida. Appellee's predecessor filed suit against appellant under, among other theories, the Longshoremen's and Harbor Workers' Compensation Act, 33 USCA § 901 et seq., alleging that appellant's negligent operation of one of its vessels was the proximate cause of the decedent's death. See 33 USCA § 905 (b). After the appeals of various pretrial motions were exhausted (see 161 Ga. App. 73 (289 SE2d 268) (1982) (U. S. cert. denied, 459 U. S. 837) and 676 F2d 547 (1982)), a jury found appellant's negligence to be the sole proximate cause of the decedent's death and awarded his estate and heirs $410,687 to which the trial court added an award of prejudgment interest. Appellant now questions the denial of its motions for summary judgment and judgment notwithstanding the verdict/ new trial, and the award of pre-judgment interest.

1. Appellee seeks dismissal of this appeal on the ground that actions taken by appellant have rendered the questions raised on the appeal moot. See OCGA § 5-6-48 (b) (3). Specifically, appellant has suspended payment of dependent death benefits previously awarded under the workers' compensation portion of the Longshoremen's & Harbor Workers' Compensation Act (33 USCA § 909) on the ground that a judgment had been obtained in the case at bar for the amounts due. Appellee maintains that appellant's admission that a final judgment has been obtained is inconsistent with its present appellate position seeking reversal-of that judgment, and that therefore appellant's suspension of payments moots any appeal. We disagree. While appellant's actions may be improper and untimely, that is a matter which should be taken up in the forum in which the dependent death benefits were awarded. The action does not moot an appeal from the judgment rendered in a state court on a negligence verdict.

2. " 'After verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case.' [Cits.]" *Stone Mountain Pool &c. Co. v. Imperial Pool Co.,* 170 Ga. App. 283 (2) (316 SE2d 769) (1984). Thus, appellant's contentions concerning the denial of its motion for summary judgment will not be pursued further.

3. 33 USCA § 905 (b) permits a longshoreman or harbor worker who suffers injury "caused by the negligence of a vessel" to "bring an action against such vessel," and 33 USCA § 902 (21) defines "vessel" to include the vessel's owner pro hac vice. A covered worker may

bring such a negligence action against the vessel even if that vessel is also the employer of the injured worker. *Jones & Laughlin Steel Corp. v. Pfeifer,* 462 U. S. 523 (103 SC 2541, 76 LE2d 768, 780) (1983).

In one of its enumerated errors, appellant contends that the appropriate standard of negligence was not met in the case at bar. Appellant argues that case law requires knowing and affirmative negligence on the part of the vessel before a recovery may be sustained. However, *Spence v. Mariehamns R/S,* 766 F2d 1504 (11th Cir. 1985), and each of the remaining cases cited as support by appellant concern a factual situation in which the offending vessel was actually being unloaded and control of the area in which the injury was sustained had been given to the stevedores/longshoremen. See *Wild v. Lykes Bros. Steamship Corp.,* 734 F2d 1124 (5th Cir. 1984); *Helaire v. Mobile Oil Co.,* 709 F2d 1031 (5th Cir. 1983); *Cavalier v. T. Smith & Son, Inc.,* 668 F2d 861 (5th Cir. 1982). See also *Scindia Steam Navigation Co. v. De Los Santos,* 451 U. S. 156 (101 SC 1614, 68 LE2d 1) (1981). Those facts are not present in the case at bar where the decedent was not loading or unloading appellant's vessel when he suffered his fatal injury. The *Scindia* standard is inapplicable to a factual setting involving a vessel-connected hazard that antedates the commencement of the cargo operations. *Pluyer v. Mitsui O..S. K. Lines, Ltd.,* 664 F2d 1243, 1246 (5th Cir. 1982). Appellant owed the decedent a duty to operate its vessel in a non-negligent manner, and there was sufficient evidence from which the jury could conclude that appellant knowingly permitted its vessel to be piloted by an unlicensed operator who approached the construction site at too great a speed and hit a barge, causing guy ropes to break and a steel cage to fall on and crush appellee's decedent. See also *Duncan v. Dravo Corp.,* 426 FSupp. 1048 (7) (W.D. Pa. 1977).

4. Appellant complains that the judgment against it cannot stand because any negligence which resulted in decedent's death was caused by a fellow servant engaged in a single mission with the decedent. The statute under which appellee's predecessor filed suit, 33 USCA § 905 (b), specifically prohibits a negligence action if the injured party was employed to provide stevedoring services and the injury was caused by the negligence of others engaged in providing stevedoring services to the vessel. The statute similarly forbids negligence suits by shipbuilders or repairers whose injuries were caused by the negligence of persons also engaged in shipbuilding or repairing. "For the [§ 905 (b)] exemption to apply in any event, the injured worker and the negligent employee must both have been performing the same function, whether it be longshoring, shipbuilding, repair work, or . . . some other task." *Smith v. Eastern &c. Pile Driving, Inc.,* 604 F2d 789, 797 (2nd Cir. 1979). "The shipowner is only relieved of liability if the in-

jury to the harbor worker resulted from negligent acts by other employees performing the same services. Thus, the relevant nexus between the negligent party and the victim is not whether they were working aboard the same vessel, but whether they were working at the same task such that both would have been employed by an intermediary employer had the shipowner chosen to contract out the work." Id. at 796, n. 7. "Where the injury is due to negligence of the shipowner-employer in non-stevedoring [or non-building or non-repairing] operations, then [the second and third sentences] of § 905 (b) [do] not act as a bar." *Chiasson v. Rogers Terminal & Shipping Corp.,* 679 F2d 410, 415 (5th Cir. 1982). In the present case, the decedent was engaged in longshoring activities at the time of his death (see *Browning v. B. F. Diamond Constr. Co.,* 676 F2d 547, at 549-550), and the negligent party was improperly piloting a tugboat. Had the longshoring activity been contracted out, the decedent would have been an employee of the stevedore while the pilot of appellant's vessel would have been appellant's agent. Therefore, contrary to appellant's assertions, the tugboat pilot and the decedent were not involved in a single mission which would have precluded appellee's suit against appellant.

5. In its final enumerated error, appellant protests the imposition of pre-judgment interest on the jury's verdict. Appellant concedes that pre-judgment interest in admiralty cases generally is granted, barring an exceptional or peculiar circumstances, and that the decision whether or not to award such interest lies with the discretion of the trial court. See *Helaire v. Mobile Oil Corp.,* supra at 1042. Appellant maintains that the trial court abused its discretion when it failed to consider the fact that appellee did not comply with Georgia law concerning pre-judgment interest. However, where a claim, such as the one at bar, is governed by federal law, the question whether pre-judgment interest will be allowed is not controlled by the law of the forum state. Thus, compliance with the Georgia Unliquidated Damages Interest Act (OCGA § 51-12-14) was not a prerequisite to an award of pre-judgment interest. See *George R. Hall, Inc. v. Superior Trucking Co.,* 532 FSupp. 985, 996 (N.D. Ga. 1982).

Appellant also argues that the case at bar involves peculiar circumstances which mandate a denial of pre-judgment interest, i.e., the existence of a genuine dispute regarding ultimate liability and the complexity of factual and legal issues to be resolved. "Although the presence of a genuine and serious dispute is a factor for the court to consider in exercising its discretion [cit.], it does not alone mandate a finding of abuse of discretion. [Cit.]." *Miller Indus. v. Caterpillar Tractor Co.,* 733 F2d 813, 823 (5th Cir. 1984). We conclude that the trial court's award of pre-judgment interest was not an abuse of discretion.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

Decided October 9, 1985 —
Rehearing denied October 23, 1985 — ▮▮▮▮▮▮

*John E. Houser, H. Baxter Harcourt, Tina S. Alexander,* for appellant.
*Richard J. Harris, Miller P. Robinson, Fredric W. Stearns, John W. Denney, Jr.,* for appellees.