## 72727. HAWKINS et al. v. GRADY COUNTY BOARD OF TAX ASSESSORS et al.
### (350 SE2d 790)

CARLEY, Judge.

Appellant-taxpayers are the owners of a large tract of timberland in Grady County, Georgia. In 1984, the taxpayers' property and other similarly situated tracts of land in the county were reevaluated for the purpose of assessing ad valorem taxes. The taxpayers were dissatisfied with the increased assessment which resulted, and they undertook to appeal from that assessment pursuant to OCGA § 48-5-311. The statutory appeal process culminated in a de novo jury trial in the superior court. See OCGA § 48-5-311 (f). The jury's verdict found that the fair market value of the property was less than that reflected in appellees' assessment but still more than that placed on the property by the taxpayers. The taxpayers appeal from the judgment entered by the trial court on the jury's verdict.

1. The denial of the taxpayers' motion for summary judgment is enumerated as error. However, that issue is moot and will not be considered. See generally *Hardaway Constructors v. Browning*, 176 Ga. App. 530 (2) (336 SE2d 579) (1985).

2. The taxpayers enumerate the denial of their motion for a continuance. A motion for continuance is addressed to the sound discretion of the trial court. OCGA § 9-10-167 (a). In the absence of a manifest abuse of that discretion, the decision of the trial court will not be disturbed on appellate review. See generally *Clark v. State*, 159 Ga. App. 438 (1) (283 SE2d 666) (1981). The record in the instant case reflects no such abuse of discretion and, accordingly, there was no error.

3. In related enumerations of error, the taxpayers raise the general grounds. The burden of proof in the superior court was on the taxpayers, as the parties who initiated the appeal to that court. *Weeks v. Gwinnett County Bd. of Tax Equalization*, 139 Ga. App. 37 (1) (227 SE2d 865) (1976). However, no presumption of correctness attached to appellees' assessments. See *Hodsdon v. Duckett*, 135 Ga. App. 922 (219 SE2d 634) (1975). In essence, the taxpayers assert that they met their burden of proof by adducing the *only* probative evidence as to the fair market value of their property. As in *Stoddard v. Bd. of Tax Assessors of Grady County*, 163 Ga. App. 499, 501 (3) (295 SE2d 170) (1982), the specific contention is that the opposing evidence offered by appellees in support of a higher fair market value was nonprobative, insofar as that evidence was not properly indicative of the "existing use" of the taxpayers' property. See *Sibley v. Cobb County Bd. of Tax Assessors*, 171 Ga. App. 65 (318 SE2d 643) (1984); *Dotson v. Henry County Bd. of Tax Assessors*, 155 Ga. App. 557 (271 SE2d 691) (1980).

"The existing use of property is one alternative factor in finding fair market value but it is 'not the exclusive factor.' [Cits.]" *Stoddard v. Bd. of Tax Assessors of Grady County*, supra at 501 (3). The record shows that appellees introduced in the superior court proceedings evidence of certain "comparable sales" of other properties from throughout Grady County. The taxpayers insist that these sales were not, in fact, "comparable" as indicative of fair market value for tax assessment purposes because the subject properties involved therein were not exclusively timberlands. However, we know of no requirement that "comparable" sales must be identical. The holding in *Sibley*, supra, establishes no such requirement. The issue in *Sibley*, supra at 68, involved the "existing use" factor in connection with the tax "valuation of *rural land in an urban setting* where virtually no rural land is sold for agricultural purposes, but for *industrial, commercial, or housing developments*." (Emphasis supplied.) The only evidence of purported "comparable sales" adduced in *Sibley* consisted of sales "for industrial, commercial, or housing developments . . . [which] sales [thus] reflect[ed] the speculative value of the land — or its highest and best use [—]" not the then existing agricultural use to which the land was devoted at the time it was sold. *Sibley*, supra at 68. Thus, *Sibley* stands only for the proposition that sales for speculative urban uses of land having an existing agricultural use are not "comparable" for determining the taxable fair market value of property that, although located in the same urban setting, continues to be devoted to its existing agricultural uses.

There is no evidence in the instant case that a similar rural use-urban setting influence exists with regard to the valuation of property sold in Grady County. Appellees' comparable properties apparently reflected sales strictly for continued agricultural or other non-urban uses and none was shown to reflect a speculative "highest and best use" valuation such as in *Sibley*, supra. Moreover, there was no evidence that the income derived by the owners of appellees' "comparable sale" properties differed substantially from the income derived by the taxpayers from their timberland. See *Sibley*, supra. Accordingly, appellees' evidence of "comparable sales" was admissible and probative on the issue of the fair market value of the taxpayers' property. See *Stoddard v. Bd. of Tax Assessors of Grady County*, supra at 501 (3).

On appeal, this court considers the sufficiency of the evidence and not its weight. *Foster v. Morrison*, 177 Ga. App. 250, 252 (6) (339 SE2d 307) (1985). The evidence was sufficient to authorize the jury's verdict as to the fair market value of the taxpayers' property. *Stoddard v. Bd. of Tax Assessors of Grady County*, supra at 501 (3). Compare *Hodsdon v. Duckett*, supra. There is no merit in the general grounds.

4. The taxpayers enumerate as error the trial court's refusal to give certain requested jury charges. "The charges requested were either not correct statements of law, not adjusted to the evidence, or sufficiently covered by the general charge." *McDonald v. Rogers*, 229 Ga. 369, 385 (19) (191 SE2d 844) (1972), overruled on other grounds, *Gilman Paper Co. v. James*, 235 Ga. 348 (219 SE2d 447) (1975). There was no error.

5. The taxpayers enumerate as error the trial court's giving of a jury charge regarding consideration of the income capitalization method as a factor in arriving at fair market value. Taken as a whole, the charge was not an incorrect statement of the law. OCGA § 48-5-2 (1) (B) (iv); *Dotson v. Henry County Bd. of Tax Assessors*, supra.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 30, 1986 —
REHEARING DENIED NOVEMBER 17, 1986

*J. Patrick Ward*, for appellants.
*Robert Culpepper III, Thomas L. Lehman*, for appellees.