## 77113. POWELL v. JAMES, HEREFORD & McCLELLAND, INC.
### (377 SE2d 683)

BENHAM, Judge.

The issues to be decided on this appeal concern the correctness of jury instructions regarding the duty of a plaintiff in a fraud case to use ordinary care to discover the fraud, and the duty of one signing a document to read it first. Appellant brought this suit against appellee, an insurance agency, to recover damages allegedly arising from appellee's failure to procure insurance for appellant. Basic to appellant's case is his contention that appellee, by filling in wrong information on an application appellant swore he signed in blank, caused appellant's application for insurance to be rejected by the insurer. At trial, appellant asserted that appellee was acting as his agent in the transaction rather than as the insurer's agent. At the close of the evidence, the trial court directed a verdict for appellant on the agency issue, ruling that appellee acted as appellant's agent. After the charge to the jury, appellant objected to the charges mentioned above on the ground that the principles stated did not apply where there was a fiduciary relationship. Following entry of judgment on a defendant's verdict, appellant brought this appeal.

1. Where an insurance agent acts as agent for the insured, there is a fiduciary relationship between them. *Stewart v. Boykin*, 165 Ga. App. 868, 872 (303 SE2d 50) (1983). To counter appellant's argument that the objected-to charges were improper because of the fiduciary relationship between the parties, appellee argues that the trial court was incorrect in granting appellant a directed verdict on the issue of agency. Since appellee did not directly raise the issue by means of a cross-appeal, we need consider it only if it is material to one of appellant's enumerations of error. *Georgia &c. Plastic Surgeons v. Anderson*, 257 Ga. 710 (1) (363 SE2d 140) (1987). We find that it is not material: whether or not appellant was entitled to a directed verdict on the issue, there was evidence that appellee was acting as appellant's agent. Whether that issue was decided by the court or the jury, if the existence of such a relationship created an exception to the principle of law involved in the charges under consideration, appellant would be entitled to have the jury apprised of the exceptions. The issue not being material to a decision on any of appellant's enumerations of error, we leave intact the trial court's ruling that appellee was appellant's agent.

2. The first charge stated, in essence, that one alleging fraud must show that he exercised ordinary care to find out the facts and protect himself. There is an exception to that rule, however, where there is a fiduciary relationship between the parties. *Johnson v. Bogdis*, 205 Ga. 535, 541 (54 SE2d 620) (1949). Since that exception would be applicable if appellee were appellant's agent, the omission of

it from the charge was error.

3. The other two charges to which appellant objected below and on appeal were to the effect that one signing a paper has a duty to read it first; that one who signs a paper without reading it is bound thereby; and that one who signs a paper which is to be filled in impliedly authorizes the one to whom it is delivered to do so. To those rules, too, there is an exception when there is a confidential or fiduciary relation. *Youngblood v. Mock*, 143 Ga. App. 320 (1) (238 SE2d 250) (1977). The failure to mention that exception made the charges incomplete and, therefore, erroneous.

4. Appellant's other enumeration of error concerning denial of his motion for new trial is rendered moot by the preceding rulings.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 3, 1989.

*Strickland & Garmon, Dennis J. Strickland Sr.,* for appellant.
*Dickey, Whelchel, Brown & Readdick, J. Thomas Whelchel,* for appellee.