77469. STODDARD v. GRADY COUNTY BOARD OF TAX ASSESSORS.
77470. HAWKINS et al. v. GRADY COUNTY BOARD OF TAX ASSESSORS.

(379 SE2d 234)

BIRDSONG, Judge.

The appellants in these two ad valorem tax appeals are landowners and tree farmers. Both have been in prior litigation over their property tax assessments. See, e.g., *Stoddard v. Cone*, 250 Ga. 852

(301 SE2d 641); *Stoddard v. Bd. of Equalization*, 180 Ga. App. 889 (351 SE2d 92); *Hawkins v. Grady County Bd. of Tax Assessors*, 180 Ga. App. 834 (350 SE2d 790). The primary focus of the present appeals, as well as the earlier appeals, is whether the appellants' timberlands were properly valued in terms of their existing use, or whether the value was speculative as a result of application of a highest and best use theory. See *Sibley v. Cobb County Bd. of Tax Assessors*, 171 Ga. App. 65 (318 SE2d 643).

Appellant Stoddard returned his property at a value of $112,400 and the Board of Tax Assessors set the fair market value of the property at $769,407. Mr. Stoddard appealed this valuation to the Board of Equalization pursuant to OCGA § 48-5-311 (e), and the Board of Equalization set the fair market value of Mr. Stoddard's property at $665,425. Both the Board of Tax Assessors and Mr. Stoddard appealed this decision to the superior court, pursuant to OCGA § 48-5-311 (f) (1), and the case was tried before a jury with the Hawkins Trust tax appeal. The jury returned a verdict placing the fair market value of the Stoddard property at $769,407. This verdict was made the judgment of the court, and Mr. Stoddard filed a timely notice of appeal from that judgment.

The Hawkins Trust (the Trust) originally valued its property subject to this dispute at $316,050, but the Board of Tax Assessors set the fair market value of the property at $1,352,759. The Trust then appealed to the Board of Equalization, and that Board set the fair market value of the property at $1,158,122. Both the Trust and the Board of Tax Assessors appealed this decision to the superior court. Later, however, the Board of Tax Assessors dismissed its appeal, and the case was tried before a jury with the Stoddard tax appeal. The jury returned a verdict setting the fair market value of the Trust's property at $1,158,122. This verdict was made the judgment of the court and the Trust appealed from that judgment to this court. *Held*:

## Case No. 77469

1. Appellant Stoddard enumerates as error the trial court's failure to include in its judgment certain portions of the Board of Equalization's decision "unaffected by the Appellant-taxpayer's cross appeal. . . ." The portions of the Board's decision he refers to are apparently certain statements in attachments to the Board's decision which seemingly respond to issues raised in his appeal to the Board. Examination of these attachments indicates that these findings were reached by the Board in the process of setting the value of Mr. Stoddard's property and were not independent orders and directives. Accordingly, these matters were affected by his appeal of the Board's decision. Mr. Stoddard's argument on this point assumes that these

findings were "unaffected" by his appeal. We note that his notice of appeal to the superior court asserted as error "each and every ground set forth in the original notice of appeal to the Board of Tax Assessors which is in conflict with the decision of the Board of Equalization . . ." and he asserted "[i]f the decision of the Board of Equalization is a denial of any of the grounds of the original appeal, then the Board of Equalization erred. . . ." The appeal to the Board of Equalization, of course, was an appeal of the $769,407 value placed on his property by the Board of Tax Assessors and the grounds for the appeal were the reasons Mr. Stoddard deemed the value to be excessive. Consequently, his contention that his appeal was of law only and not one which requires determination of fact is without merit. His appeal was over the value of his property and this is an issue of fact which must be decided by a jury. OCGA § 48-5-311 (f) (4) (A).

Appellant Stoddard also asserts that the trial court should have included in its judgment letters which the Board of Equalization sent to the Board of Tax Assessors and to the County Commissioners. The thrust of this argument is that the trial court should have ordered what the Board of Equalization declined to do in the first instance: direct the Board of Tax Assessors to take action. Review of the letters in question shows them to be merely communications from one county agency to other county agencies concerning the assessment of ad valorem taxes generally. These letters are not directions or orders and lack the findings required by OCGA § 48-5-311 (d) (2). In regard to appellant Stoddard's particular appeal, as discussed above, these matters were considered by the Board in deciding his appeal. Thus, there was no error in not making these letters part of the trial court's judgment, and there was no error in not remanding the appeal to the Board of Tax Assessors. The facts of this appeal do not fall within the circumstances of *Monroe County Bd. of Tax Assessors v. Remick*, 165 Ga. App. 616 (300 SE2d 203).

2. The second enumeration of error concerns testimony, over objection on relevancy, that the State rejected the county tax digest in 1985 and that the tax digest was subsequently increased by eight percent across the board. As later testimony showed that the next year the tax digest was decreased by eight percent across the board and all this testimony concerned the procedure used in placing a value on the appellant's property there was no error. Further, it is difficult to ascertain the prejudice to the appellant, even assuming error, and the appellant assigns none. Consequently, the error would have been harmless in any event, and there would be no grounds for reversal. *First Nat. Bank v. American Sugar Refining Co.*, 120 Ga. 717 (48 SE 326).

3. The third enumeration of error asserts that the verdict and the judgment are strongly against the evidence in the case and are

contrary to the law. Examination of the transcript reveals that the appellant fully presented evidence in support of his theory of evaluation of the property as did the Board of Tax Assessors. While appellant may disagree with the ultimate value placed on his property by the jury, this does not mean that the verdict was either excessive or contrary to the evidence. The verdict reached was within the range of the evidence presented. *Murray v. Richardson*, 134 Ga. App. 676, 677 (215 SE2d 715). Additionally, while the appellant contends that the verdict and judgment were contrary to the law and cites for our attention various principles which should be applied in cases of this nature, he has not, however, identified any particular principle which he contends has been violated. The evidence presented was sufficient to authorize the verdict and judgment and both were in accordance with the law. *Stoddard v. Bd. of Tax Assessors*, 163 Ga. App. 499, 501 (295 SE2d 170).

4. In enumerations of error 4 and 5, the appellant asserts that the trial court committed prejudicial error in not charging the jury exactly as he proposed. We have examined the entire charge given and find no prejudicial error. The charge accurately stated the law in substance and there was no error in not charging exactly as the appellant wished. *Brooks v. Coliseum Park Hosp.*, 187 Ga. App. 29, 34 (369 SE2d 319).

Appellant Stoddard presented a supplemental brief which cursory examination revealed to be merely a statement from the appellant which was not contained elsewhere in the record. Of course, this court may not and did not consider this statement. Appellant Stoddard's enumeration of error having no merit, the judgment of the trial court is affirmed.

### Case No. 77470

Appellants Maryann and Otis Hawkins' Trust was represented by the same counsel as the appellant in Case No. 77469 and the two tax appeals were consolidated for trial in the superior court. The same errors were enumerated on appeal to this court and the briefs are virtually identical in regard to the argument presented. Not surprisingly the same result is reached on appeal. For the reasons discussed in considering the Stoddard appeal, the judgment of the trial court is also affirmed. *Hawkins v. Grady County Bd. of Tax Assessors*, supra, p. 835.

*Judgments affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 24, 1989.

*Loftiss, Van Heiningen & Ward, J. Patrick Ward*, for appellants.

*Porter & Lehman, Thomas L. Lehman,* for appellee.