A89A0371. HAWKINS et al. v. GRADY COUNTY BOARD OF TAX ASSESSORS.
A89A0372. STODDARD v. GRADY COUNTY BOARD OF TAX ASSESSORS.
(385 SE2d 305)

McMURRAY, Presiding Judge.

H. L. Stoddard and the Maryann and Otis P. Hawkins Trust ("the Trust") are property owners and tree farmers in Grady County, Georgia. In 1985 Stoddard returned his 986-acre tract of land for ad valorem taxes at a market value of $112,400 and the Trust returned its 1,806.36-acre tract of land at a market value of $315,900. The county board of tax assessors raised Stoddard's value to $815,050 and the Trust's value was raised to $1,431,000. Appeals to the county board of equalization, pursuant to OCGA § 48-5-311 (e), by Stoddard and the Trust resulted in affirmations of the board of tax assessors' findings. Both Stoddard and the Trust appealed to the superior court, pursuant to OCGA § 48-5-311 (f) (1), and the cases were consolidated and tried at a joint bench trial.

The evidence at trial showed that the Trust and Stoddard relied on the income capitalization method for determining the value of their property. More specifically, both Stoddard and the Trust determined value based primarily on the income producing capabilities of their tree farms. Neither determined value based on what the property would sell for on the open market. On the other hand, the board of tax assessors relied primarily on comparable sales of similarly situated land in Grady County to determine the fair market value of the land. The trial court entered its findings, finding that the fair market value of Stoddard's land was $815,050 and that the fair market value of the Trust's land was $1,257,000. Stoddard and the Trust have appealed and filed identical enumerations of error and virtually identical briefs. *Held:*

1. First, Stoddard and the Trust contend that a $50 per acre

"across-the-board" reduction in the value of farm land in Grady County, implemented by the board of tax assessors to reflect declining property values, was "arbitrary." Assuming, without deciding, that this "across-the-board" reduction was "arbitrary," we find no harmful error since the record shows that both Stoddard and the Trust benefitted from the reduction. See *Stoddard v. Grady County Bd. of Tax Assessors*, 190 Ga. App. 445, 447 (2) (379 SE2d 234).

2. In their second, third and fourth enumerations, Stoddard and the Trust argue that the trial court gave "insufficient weight" to their method of appraisal; that the board of tax assessors' method of appraisal did not reflect the fair market value of their property as timberland and that the trial court gave "too much weight to the 'highest and best use' factor and insufficient weight to the 'existing use' factor . . . ."

"On appeal, this court considers the sufficiency of the evidence and not its weight. *Foster v. Morrison*, 177 Ga. App. 250, 252 (6) (339 SE2d 307) (1985)." *Hawkins v. Grady County Bd. of Tax Assessors*, 180 Ga. App. 834 (3), 835 (350 SE2d 790). In the cases sub judice, the trial court, sitting as a finder of fact, was authorized to accept or reject the opposing methods of appraisal offered by the parties. Further, the board of tax assessors' evidence showing that its appraisal of the Trust's land and Stoddard's land was in line with the value of similarly situated timberland which had sold in the county was sufficient to authorize the trial court's findings regarding the fair market value of the taxpayer's property. See OCGA § 48-5-2 (1), and *Stoddard v. Grady County Bd. of Tax Assessors*, 190 Ga. App. 445 (3), supra.

*Judgments affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JUNE 29, 1989 —
REHEARING DENIED JULY 21, 1989.

*Loftiss, Van Heiningen & Ward, J. Patrick Ward*, for appellants.
*Porter & Lehman, Thomas L. Lehman*, for appellee.