## A89A1259. BROWN REALTY ASSOCIATES, INC.
### et al. v. THOMAS.
(389 SE2d 505)

Beasley, Judge.

Following denial of their motion to vacate, set aside, and in arrest of judgment, defendants Brown Realty Associates, Inc., Alonza C. Brown, Gladys R. Brown, and Alonza C. Brown, Jr. (hereinafter the Browns) appeal from the judgment entered on a jury verdict in favor of plaintiff Thomas. The suit alleged fraud, violation of the Fair Business Practices Act of 1975 (FBPA), OCGA § 10-1-390 et seq., and violation of the civil Georgia Racketeer Influenced & Corrupt Organizations Act (RICO), OCGA § 16-14-1 et seq., in the Browns' acquisition of Thomas' home.

Thomas was originally one of five plaintiffs who filed separate suits contending that the Browns had engaged in a scheme of "foreclosure fraud" to acquire their residences. The litigation was initially certified below as a class action but the certification was reversed on appeal to the Supreme Court. See Stevens v. Thomas, 257 Ga. 645 (361 SE2d 800) (1987); see also Brown v. Thomas, 257 Ga. 68 (354 SE2d 830) (1987) in regard to the appeal of a contempt order against the Browns.

1. Appellants contend that the trial court erred in denying their motion for summary judgment as to Thomas' claims of fraud and violation of the FBPA. This Court cannot consider the contention because " ' "[a]fter verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case." [Cits.]' [Cit.]" Hardaway Constructors v. Browning, 176 Ga. App. 530 (2) (336 SE2d 579) (1985).

2. Appellants contend that the trial court erred in denying their motion to dismiss Thomas' suit with prejudice on the grounds that it was barred by the doctrines of res judicata, collateral estoppel, and estoppel by judgment inasmuch as the allegedly fraudulent sale of Thomas' property was raised as a defense in a dispossessory proceed-

ing brought by appellants in the state court of another county.

The motion was denied on the bases that it was untimely, having been filed on the morning of trial which had been specially set after the litigation had gone on for over three years, and because the state court would not have had jurisdiction over the issues.

Without addressing the timeliness of the motion to dismiss on the affirmative defense, see OCGA § 9-11-8 (c) and *Ezzard v. Morgan*, 118 Ga. App. 50, 51 (1) (162 SE2d 793) (1968), the trial court correctly concluded that all of the claims, which centered around the question of title to real property, could not properly have been determined in the state court dispossessory action. Superior courts have exclusive jurisdiction in cases respecting title to land. Ga. Const. 1983, Art. VI, Sec. IV, Par. I; *Hyman v. Leathers*, 168 Ga. App. 112, 113 (2) (308 SE2d 388) (1983); see OCGA § 44-2-60. Res judicata only applies if the judgment is from "a court of competent jurisdiction." OCGA § 9-12-40.

3. Appellants contend the trial court erred in denying their motion in limine and thereby permitting testimony of plaintiff's witnesses who were purportedly involved in "similar transactions" with appellants. They argue that the witnesses were improperly allowed to testify about unrelated individual transactions which added little probative value to the issues but were extremely prejudicial to defendants. They do not cite any specific testimony nor do they elaborate as to how they were prejudiced. Instead they make the general assertions that, notwithstanding the RICO issues, the testimony should not have been permitted without protective measures and without satisfying threshold inquiries necessary for admission, citing *Deckner-Willingham Lumber v. Turner*, 171 Ga. 240 (155 SE 1) (1930); admission of the testimony violated the holding in *Stevens v. Thomas*, supra; even if the trial court did not err in failing to grant the motion in limine and/or limiting the similar transaction testimony, such evidence should have been excluded by the parol evidence rule.

The court conducted a full hearing on the motion in limine which was filed three days before trial. Defendants argued what they now urge and also that the testimony would be cumulative. The court initially denied the motion but gave defendants leave to raise further objection during the course of trial if it became clear that the objected-to testimony was cumulative. Defendants later objected and the court again denied exclusion of the testimony.

Appellants' enumeration of error requires more than a blanket objection to the testimony and some specificity regarding the alleged prejudice. See *Essig v. Cheves*, 75 Ga. App. 870, 876 (3) (44 SE2d 712) (1947), decided under former Code 1933, § 6-1607, now OCGA § 5-6-40. Even if the enumeration is deemed sufficient for consideration on the merits, appellants' contention fails.

"The general character of the parties and especially their conduct in other transactions are irrelevant matter *unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct.*" OCGA § 24-2-2. (Emphasis supplied.) In order to sustain her RICO claim, plaintiff had to show, *inter alia*, a "pattern of racketeering activity." See OCGA § 16-14-4. Therefore, the conduct of the defendants in the proffered other transactions was relevant to establish such a pattern. Contrary to appellants' contention, permitting such evidence did not run afoul of the holding in *Stevens*, supra. The fact that the separate claims were determined not to have sufficient commonality so as to be appropriate for class action did not render the evidence of these other transactions irrelevant or inadmissible in establishing elements of Thomas' claims.

The authority cited by appellants did not mandate that the trial court conduct more extensive inquiry than it did at the time. Moreover, the trial court afforded defendants the protective measure of later consideration of their objection to the testimony once the court was privy to it. The very authority relied on by appellants, i.e., *Deckner*, supra, points to the proper admission of the objected-to evidence to show defendants' fraudulent intent in the transaction at issue. Id. at 244 (1).

Appellants' parol evidence objection also fails. The rule that parol evidence cannot be received to change or add to the terms of a written contract does not apply where the alleged contract was procured by fraud. *Spires v. Relco, Inc.*, 165 Ga. App. 4, 5 (2) (299 SE2d 58) (1983).

4. Appellants contend the trial court erred in admitting into evidence as plaintiff's exhibits copies of certain state and superior court deeds and dispossessory indexes because such evidence was irrelevant and clearly prejudicial. They argue that the sole conceivable purpose for the indexes was to inflame and prejudice the jury by creating the false inference that Thomas was representative of the position of 140 other people, and that Thomas was allowed to do indirectly what the Supreme Court had previously ruled she could not do, i.e., pursue the litigation as a class action.

The exhibits were tendered and admitted during the testimony of plaintiff's witness Brennen, an attorney representing an individual in another lawsuit against the Browns. Brennen testified that, based on his investigation and examination of the objected-to documents, he was of the opinion that someone was engaging in an enterprise essentially founded on deceptive acts and misrepresentation by which they improperly acquired the equity out of homes of vulnerable owners who were disadvantaged by imminent foreclosure.

The evidence was relevant and its introduction valid and appropriate to show a basis for the witness' testimony. Furthermore, al-

lowing the exhibits did not circumvent the decision to disallow the litigation as a class action. Nor could it have created the false impression that Thomas was representing others as well. There was absolutely no testimony to that effect, and the witness was asked to identify from the documents exactly which of the transfers he had investigated.

There was no error in admitting the documents.

5. Appellants contend the court committed reversible error in admitting into evidence court records of prior out-of-state litigation involving the Browns as such admission was of little probative value and extremely prejudicial as demonstrated by the award of punitive damages. They add that the records were improperly introduced for impeachment purposes.

Plaintiff sought the admission of evidence of the prior lawsuits not for impeachment purposes but to support the claim for punitive or exemplary damages. "The award of punitive damages requires a tort accompanied by aggravating circumstances either in the act or the intention, evidenced by 'wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.' [Cits.]" *Ga.-Car. Brick &c. Co. v. Brown*, 153 Ga. App. 747, 749 (2) (266 SE2d 531) (1980). Evidence of the prior litigation was relevant to show any such conduct by the Browns which would authorize, if it did, an award of punitive damages. See *Thompson v. Moore*, 174 Ga. App. 331, 332 (1) (329 SE2d 914) (1985).

6. Appellants complain of the trial court's refusal to give their request to charge number thirteen or its substantial equivalent. The original request read, "Even if it is found that fraud existed, where a plaintiff can read and it does not appear that she was prevented, by artifice on [sic] fraud, from reading the instrument prior to signing it to determine the truth or falsity of the alleged representation, then the plaintiff's failure to exercise proper diligence appears as a matter of law and there can be no recovery for fraud."

"In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge. [Cit.]" *Medoc Corp. v. Keel*, 166 Ga. App. 615, 618 (2) (305 SE2d 134) (1983).

There was evidence of a fiduciary agency relationship between the parties. In such a case, the principle in the request to charge is not applicable. See *Powell v. James, Hereford & McClelland*, 189 Ga. App. 747 (2) (377 SE2d 683) (1989). The request as submitted was not a correct statement of the law adjusted to the evidence in the case. Appellants did not modify the request that the principle was applicable only upon the finding that no fiduciary relationship existed. Therefore, refusal was not erroneous.

7. Appellants contend in their second enumeration that the trial court erred in denying their motion for a directed verdict at the close of evidence on the claim for violation of the FBPA. Two reasons are given: plaintiff failed to introduce evidence of the delivery of the notice required by OCGA § 10-1-399 (b), and the FBPA does not apply to the transaction at issue.

Thomas did not introduce evidence of the statutory notice requirement. "Even assuming *arguendo* that the transaction occurred in 'the context of the consumer marketplace' (see *Zeeman v. Black,* 156 Ga. App. 82, 83 (273 SE2d 910) (1980)), [Thomas'] right to recover under the Act was foreclosed by [her] failure to introduce evidence that [she] had delivered a written demand for relief to the [defendants] at least 30 days prior to filing suit, as required by OCGA § 10-1-399 (b)." *Tilley v. Page,* 181 Ga. App. 98, 99 (2) (351 SE2d 464) (1986). Appellants were entitled to a directed verdict on the FBPA claim.

8. Appellants contend that the trial court erred in denying their motion to vacate, set aside and in arrest of judgment because the verdict form erroneously did not allocate under which count the general damages were awarded, making it inappropriate for the court in entering judgment to triple the general damage award on the bare assumption that it was awarded pursuant to the FBPA. They further argue that inasmuch as they were entitled to prevail as a matter of law on the FBPA claim, Thomas was not entitled to treble damages.

The jury returned a verdict in favor of plaintiff on her complaint and on defendants' counterclaim. It affixed liability specifically as to each of the four defendants and on each of the three counts of fraud, FBPA, and RICO. It also made the specific finding that the defendants intentionally violated the FBPA. The final portion of the verdict form in regard to the main claim stated, "If you find for the Plaintiff, you may consider an award of damages. You should make your award, if any, for each separate category: . . ."; it provided spaces for an award of actual damages, punitive damages, and attorney fees. The jury filled in its award of $45,500 actual damages, $125,000 punitive damages, and $100,875 attorney fees.

The trial court entered judgment on the verdict awarding the damages on the fraud count, tripling the actual damages to increase the award by $91,000 on the FBPA count because the jury determined that defendants' violation of the Act was intentional, and also awarding joint and several judgment against the defendants on the RICO count. The judgment recited that it was being entered after no objections were made to the form of the verdict and after the jury had been polled and affirmed the verdict in open court.

At trial defendants proposed special interrogatories as to the RICO count and a general verdict form on the question of fraud.

They did not object during the trial, as they do now, that the form was deficient in not allocating under which count the general damages were being awarded. There was thus no opportunity for the trial court to take any requested remedial action in this regard prior to the jury being disbanded. In any event, there was no error in allocating the awarded damages to the fraud count because it is undisputed that the jury found fraud and such was the basis of recovery under the remaining claims.

However, inasmuch as plaintiff failed to prove her cause under the FBPA, mandating that defendants prevail on that claim as a matter of law, judgment for plaintiff entered pursuant to her FBPA claim was error. That portion of the judgment awarding damages for violation of the FBPA cannot stand.

Although the trial court chose to assess the treble damages under the FBPA count, see OCGA § 10-1-399 (c), it was also obligated to triple the actual damages on the jury's finding of violation of the Georgia RICO Act. See OCGA § 16-14-6 (c). The judgment must be modified to reflect mandatory treble actual damages under the RICO count as well as defendants' right to judgment on the FBPA claim.

*Judgment affirmed in part and reversed in part with direction. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 20, 1989 —
REHEARING DENIED DECEMBER 7, 1989.

*McKenney & Froelich, William J. McKenney, David M. Kupsky,* for appellants.

*Sakas & Horne, Jeffrey L. Sakas, Michael P. Froman, Robert S. Whitelaw,* for appellee.